REUBEN COMSTOCK, Appellant, v. JOHN H. HOPKINS,
Respondent, Impleaded, etc.

*Civil Damage Act — satisfaction by one of the persons liable is a satisfaction by all —
no apportionment of damages between persons thus liable.*

In an action brought under the Civil Damage Act (chap. 646, Laws of 1873) to recover for the loss to the plaintiff resulting from the death of his son, caused, as alleged, by intoxication, produced in part by liquors sold to him by the defendant, it appeared that the plaintiff had brought another action for the same cause against third persons, and had received from such third persons satisfaction of his claim against them.

*Held*, that, as all participating in the hurtful act were made equally liable under said act, satisfaction by one was a satisfaction by all, and that the satisfaction of the claim against the third persons, already made, was a bar to this action.

That as the law legalizes the sale of liquor, although the civil damage act imposes a liability for the hurtful consequences resulting to others therefrom, the seller is not a wrong-doer.

That the principle which underlies the rule in such cases, that satisfaction by one is a satisfaction by all, is, that there can be no apportionment of damages between persons thus liable.

Appeal by the plaintiff, Reuben Comstock, from a judgment for costs, entered in the office of the clerk of the county of Wayne on the 24th day of December, 1889, after a trial at the Wayne Circuit before the court and a jury, at which plaintiff was non-suited, with notice of an intention to bring up for review upon such appeal an interlocutory order, entered in said clerk's office on the 20th day of November, 1889, nonsuiting the plaintiff.

The action was brought to recover damages to which plaintiff claimed to be entitled under the civil damage act.

The answer of the defendant John H. Hopkins set up the following, among other defenses:

" 2. And this defendant, further separately answering, alleges, upon information and belief, that after the death of said Comstock, as aforesaid, the plaintiff in this action commenced an action against said E. Bloss Parsons and John Jackson for the same cause of action set forth in the complaint in this action, to wit, the death of said Charles H. Comstock by drowning in Sodus Bay, near Sodus Point, caused by his intoxication by drinking intoxicating liquors sold to him by said Jackson at said restaurant, leased to him, or occupied by him, with the permission of said Parsons, the owner thereof,

knowing the same to be used by said Jackson for the purpose of selling liquors thereat, said intoxication resulting in death, being the same intoxication charged against the defendants in this action, and in producing which said intoxication the defendants in this action, and the defendants in that action, were named as participants by said plaintiff.

" 3. That, as this defendant is informed and believes, after the commencement of said action against said Parsons and Jackson said plaintiff settled the same with them, and was by them fully satisfied for his damages claimed therein, by their paying to him a full and valuable consideration for all damages sustained by him by the death of said Charles H. Comstock, by reason of his death resulting from his intoxication, and said plaintiff accepted such consideration in full discharge and satisfaction for his said claim for damages, thereby discharging all claims on his part for any damages against any and all like joint *tort feasors*, or persons who by sales of intoxicating liquors may have contributed in whole or in part, or in any degree, to the intoxication of said Charles H. Comstock, resulting, as alleged, in causing his death.

" 3. And this defendant on the trial of this action will prove said settlement, discharge and satisfaction, as in defense and bar to the maintenance of this action."

Similar defenses were interposed by other defendants. On the trial, when the testimony was closed, a motion for a nonsuit was made upon the grounds that it now appears uncontradictedly that the plaintiff brought another action against two co-trespassers for the same cause of action to recover damages for the same injury, and that he has settled that action, which is a bar to this one which is now prosecuted by him against Hopkins, which motion was granted.

*C. H. Ray*, for the appellant.

*J. H. Camp*, for the respondent.

Dwight, P. J.:

The action was under the civil damage law to recover for loss and damage resulting to the plaintiff, from the death of his son, caused, as alleged, by the intoxication of the latter, produced, in

part, by liquor sold to him by the defendant. The one question of interest in the case is, whether the several persons against whom a cause of action exists, under this act, for one and the same injury — being those persons who, by sales of liquor, have contributed to produce the same intoxication from which the injury resulted — are within the principle of the common-law rule which prescribes that satisfaction as to one joint wrong-doer is satisfaction as to all. The rule is abundantly established as to joint wrong-doers, and rests upon the principle that as there can be no apportionment of responsibility between them, each must be held responsible for all, and hence satisfaction by one is satisfaction for all. (*Bronson* v. *Throop & Fitzburgh*, 1 Hill, 186; *Woods* v. *Pangburn*, 75 N. Y., 498.)

The question, above propounded, whether this rule applies to the case of persons thus equally, and no doubt jointly, liable under the civil damage law, is, so far as we know, a new question in this State. In Massachusetts and Iowa, under similar statutes, it has been held that the common-law rule does so apply. (*Aldrich* v. *Parnell*, 147 Mass., 409; *Kerney* v. *Fitzgerald*, 43 Iowa, 580.) The reasoning of these cases commends itself to our judgment, although we are of the opinion that the conclusion reached does not depend upon the principle that the persons so jointly liable for the injury complained of are joint *wrong-doers*. It is difficult to see how a man, who does only that which he is expressly licensed to do under one statute of the State, can be treated, for that act, as a wrong-doer, by or under another statute of the State. Certainly, what he has done is not in violation of any law of the State, civil or criminal; and we have had occasion to hold that the liability which he has thereby incurred is not in the nature of a penalty. (*Hall* v. *Germain*, 37 N. Y. St. Rep., 320, 321.) The two statutes referred to are in *pari materia* — the object of both is to restrain the traffic in intoxicating liquor, and they may be read together. When so read it will be seen that the civil damage law imposes a condition upon which a license to sell liquor is granted under the excise law, viz., the condition of liability in damages for injuries to others resulting from such sale. It is true that the *unlicensed* dealer is a wrong-doer, both civilly and criminally — liable both to penalty and to fine and imprisonment; but the civil damage law applies with equal

force to the licensed as to the unlicensed dealer, and, therefore, it cannnot well be said that the liability imposed by it is the liability of wrong-doers.

But it is not necessary that the persons liable to such an action as this, should be wrong-doers in order to give application to the rule that satisfaction by one is satisfaction as to all. On the contrary, we think the rule has application to both classes of cases upon a principle which is common to both, viz.: That there can be no apportionment of damages between the persons liable. So it is with joint wrong-doers from the nature of the case, and so it is with persons liable under the statute in question from the very terms of the statute, which impose an undivided liability upon any person or persons whose sale or giving away of liquor has caused the intoxication, *in whole or in part*, from which the injury complained of has resulted.

No doubt in this case, as in that of joint wrong-doers, the person injured would have had his action against all the persons liable, either jointly or separately; but no cause of action against any would have survived satisfaction by either of the claim against him.

An examination of the evidence satisfies us that there was no question for the jury as to the fact of a settlement by the plaintiff with the defendant in another action, previously brought by him, under the same statute for the same cause of action, viz., the loss sustained by him in the death of his son. For the reasons stated we are of the opinion that the nonsuit was properly granted, and that the judgment must be affirmed.

Macomber and Lewis, JJ., concurred.