Mary Reid, Respondent, *v.* The Mayor, Aldermen and Common, alty of the City of New York, and The City of Brooklyn, Appellants.

*The New York and Brooklyn bridge — liability of the cities of New York and Brooklyn for claims accrued prior to the passage of the act, § 7 of chapter 128 of 1891.*

Section 7 of chapter 128 of the Laws of 1891, which provides that neither " the city of New York nor the city of Brooklyn shall be liable hereafter for any matter or thing or claim or demand, growing out of the New York and Brooklyn bridge," and that the trustees of the bridge " shall succeed to all liabilities of the two cities growing out of the bridge," is not retroactive, and does not relieve the cities from liability for a personal injury to a passenger on a bridge car, resulting from negligence, occurring prior to the passage of the act.

Appeal by the defendants, the Mayor, Aldermen and Commonalty of the City of New York, and the City of Brooklyn, by separate notices of appeal, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York, on the 16th day of May, 1892, in favor of the plaintiff, upon a verdict rendered at the New York Circuit, and from an order entered in said clerk's office on the 19th day of May, 1892, denying the defendants' motion for a new trial made on the minutes.

The action was brought to recover damages for a personal injury received by the plaintiff when alighting, as a passenger, from a railroad car operated by the defendants upon the New York and Brooklyn bridge, and alleged to have been caused by the negligence of the defendants and their servants.

*Terence Farley* and *Theodore Connoly*, for the appellants.

*Charles J. Patterson*, for the respondent.

Follett, J. :

On the 17th of February, 1890, the defendants undertook to carry the plaintiff in a car from New York to Brooklyn, via the New York and Brooklyn bridge. When the car reached Brooklyn, it was stopped for the purpose of discharging the passengers. As the plaintiff was stepping from the car to the platform of the bridge, or immediately after she had stepped upon the platform, she fell,

breaking her left arm near the wrist.   These facts were undisputed on the trial.   The plaintiff alleged in her complaint and testified on the trial that as she was about stepping from the car, it was suddenly started and she was thrown on to the platform of the bridge, and thereby injured.   She was corroborated to some extent by an acquaintance who left the car immediately before her and who, from her position, was able to see part, but not all, that occurred.   The plaintiff and her companion were the last or nearly the last persons who left the car, and both testified that the conductor told them to hurry off or he would start the car, and the plaintiff further testified that the car started just as she was in the act of stepping off from it to the platform.   The conductor, who was sworn for the defendants, testified, " I saw Miss Reid, this lady, get off, and as the train was in motion I called to her not to get off, and I jumped over and caught her by the arm to prevent her from falling.   I stepped off on the platform with her and saw that she did not fall, then got back on my train again.   I was the only conductor that was on that car at the time.   I did not call out to Miss Reid to get off the train or I would start it, or any words to that effect.    *    *    * Miss Reid did not fall upon the platform as she alighted from the car."

Other witnesses sworn in behalf of the defendants testified that the plaintiff's fall was caused by her stumbling against a drunken man.   The defendants' witnesses denied that the conductor directed her to hurry off, and also denied that she fell in the act of alighting. They testified that she fell just as she stepped upon the platform, but that it was caused by contact with an intoxicated person. Whether her fall was caused by the motion of the car or by a collision with a drunken person, was a question of fact which was fairly submitted to the jury and they found for the plaintiff upon evidence sufficient to sustain the verdict.   Authorities are cited, that a jury is not bound to believe an interested witness : this is true, but they may, and they did in this case.   The plaintiff's testimony was, in some of its important features, corroborated by a disinterested witness.   The evidence is that the injuries sustained were severe, their consequences permanent, and the verdict for $3,000 should not be set aside nor reduced as excessive.   The evidence does not show that the motion of the car was so rapid that it was negligence on the part of the plaintiff to attempt to alight under the circumstances

testified to by her and by her companion. The question of contributory negligence was for the jury.

The cases cited (of which *Hunter* v. *C. & S. V. R. Co.*, 112 N. Y. 371; 126 id. 18, is a type) holding that it is negligence *per se* for a person to get on or off a moving car propelled by steam at given rates of speed, have no application to the facts of this case.

The learned counsel for the defendants urge that by chapter 128 of the Laws of 1891, which was passed and took effect April 2, 1891, the defendants were relieved from liability for the accident and the liability, if any, was cast upon the trustees of the bridge. This act was passed thirteen and one-half months after the accident and more than nine months after issue was joined in this action and it contains the following provisions:

§ 7. "Neither the mayor, aldermen and commonalty of the city of New York, nor the city of Brooklyn, shall be liable hereafter for any matter or any thing, or claim, or demand growing out of the New York and Brooklyn bridge. The trustees of the New York and Brooklyn bridge shall succeed to all liabilities of the two cities growing out of the bridge. And all claims and demands growing out of the bridge upon contracts and for negligences, and for wrongs which heretobefore might be prosecuted against the two cities or either of them, shall be prosecuted against the trustees of the New York and Brooklyn bridge, and they shall be liable therefor in their corporate capacity, and they shall sue and defend all actions and proceedings in and by their corporate name, the trustees of the New York and Brooklyn bridge, and shall pay all damages and judgments out of the moneys they receive for tolls, fares and rents."

§ 8. "No action upon a contract, or for negligence or a wrong shall be prosecuted or maintained against the trustees, unless the claim or demand shall have been presented to the trustees in writing, at least thirty days before the commencement of the action or special proceeding and within six months after the cause of the action accrued, nor unless these facts appear in the complaint. The residence or place of business of the claimant shall be stated in the notice. *   *   *   "

§ 10. "An action against the trustees to recover for a personal injury resulting from negligence or a wrong must be commenced within two years after the cause of action accrued."

In the view we take of this act, it is not necessary to consider the constitutionality of a statute relieving a corporation from a liability already accrued, and providing that it shall be discharged by some other corporation or body. It is a well-settled rule of construction that a statute is not to be deemed retroactive in its effect unless it clearly appears that it was the intention of the law-making power that it should relate to past transactions. (*People ex rel. Newcomb* v. *McCall*, 94 N. Y. 587.)

Section 8 of chapter 128, Laws of 1891, above quoted, provides that notice of claims for damages must be presented to the trustees of the bridge within six months after the cause of action arose. This cause of action arose February 17, 1890, more than thirteen months before the chapter referred to was enacted, so that it was impossible for the plaintiff to give a notice in time to enable her to maintain an action against the trusteees. If the defendant's construction of this act is correct, that it is retroactive, it would have the effect of relieving the cities from liability without providing any means of redress for injuries already sustained. We think it is clear from the terms of the statute that such was not its effect, and that no such result was intended by the Legislature. Had the Legislature intended that the cities should be exempted from liabilities already accrued and those liabilities imposed on the trustees, a provision to that effect would have been inserted in the statute. There is no provision of law by which the plaintiff in this action could have had the trustees of the bridge substituted in the place of the cities as parties defendant, without the consent of the trustees, which apparently has not been given. At least neither the defendants nor the trustees have moved that the latter be substituted as defendants in the place of the cities.

The judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment and order affirmed, with costs.