ANNIE REINHARDT, Appellant, *v.* FRANK FRITZSCHE and Others, Respondents.

*The Civil Damage Act of 1873 — not a penal statute — was not repealed, nor were vested rights acquired thereunder, affected by chapter 403 of the Laws of 1892.*

The Civil Damage Act (Chap. 646, Laws of 1873), which gives a right of action for damages suffered in consequence of the intoxication of another, is not a penal statute.

The Civil Damage Act of 1873 is preserved by the provisions of section 40 of the general revision of the laws regulating the sale of intoxicating liquors enacted in 1892 (Chap. 401), and was not repealed by implication by chapter 403 of the Laws of 1892, but the latter act was intended as an amendment and limitation of the provisions of the act of 1873.

The provisions of chapter 403 of the Laws of 1892, making service of notice a prerequisite to a recovery of damages suffered by reason of the intoxication of any person, are not retroactive as regards the right of action given by the

Civil Damage Act of 1873, and do not affect a right under that act which had accrued and become vested before the passage of said chapter 403 of the Laws of 1892.

*Semble,* that the enactment of chapter 677 of the Laws of 1892, entitled "An act relating to the construction of statutes," section 31 of which provides that the repeal of a statute shall not affect or impair any act done or right accrued prior to such repeal, would not restore a cause of action which had been lost by the repeal of the statute giving it before the enactment of said chapter 677.

APPEAL by the plaintiff, Annie Reinhardt, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Monroe county on the 1st day of September, 1892, upon a dismissal of the complaint at the Monroe Circuit upon the pleadings.

*Walter S. Hubbell,* for the appellant.

*George F. Yeoman,* for the respondents.

HAIGHT, J.:

This action was brought under chapter 646 of the Laws of 1873, known as "The Civil Damage Act," to recover damages for the loss of the plaintiff's means of support by reason of the death of her husband caused from intoxicating liquors sold to him by the defendants.

His death occurred on the 13th day of April, 1890. This action was commenced on the 19th day of May, thereafter, and the trial took place on the 27th day of June, 1892. The complaint was dismissed upon the ground that the Civil Damage Act of 1873 had been repealed.

By chapter 401 of the Laws of 1892, the Legislature revised and consolidated the laws relating to the sale of intoxicating liquors. By section 40 of that act, it is provided that "No recovery shall be had in any civil action brought to recover damages suffered by reason of the intoxication of any person against a person or persons who shall by selling or giving away any intoxicating drink have caused such intoxication, unless one of the persons who might have such a cause of action in case of such damage, shall prior to such sale or giving away have given written notice, to the person selling or giving away such intoxicating drink, forbidding such sale or giving away to the person whose intoxication shall have caused such damage."

One hour after the approval of this act, chapter 403 of the Laws of 1892 was approved by the Governor. It is entitled "An act in relation to Excise." The first section authorizes the boards of excise in cities to appoint a clerk, etc. The second section is as follows : "A recovery may be had in a civil action of the damages suffered by reason of the intoxication of any person from any person or persons who shall, by selling or giving away intoxicating drink have caused such intoxication, or from any persons owning or renting or permitting the occupation of any building or premises wherein such selling or giving away shall have occurred, jointly with the person or persons selling, or giving away, or severally, if the person or persons suffering such damage shall, previous to such selling or giving away, have given written notice to the licensee or his agents or the person or persons so selling or giving away forbidding such selling or giving away to the person whose intoxication shall have caused such damage, and not otherwise."

Chapter 646 of the Laws of 1873, known as the Civil Damage Act, provides that "Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her name against any person or persons who shall, by selling or giving away intoxicating liquors, caused the intoxication in whole or in part of such person or persons, and any person or persons owning or renting or permitting the occupation of any building or premises and having knowledge that intoxicating liquors are to be sold therein shall be liable severally or jointly with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained, and for exemplary damages ; and all damages recovered by a minor under this act shall be paid either to such minor or to his or her parent, guardian or next friend as the court shall direct ; and the unlawful sale or giving away of intoxicating liquors shall work a forfeiture of all rights of the lessee or tenant under any lease or contract of rent upon the premises."

Other provisions of the act give justices of the peace in the county jurisdiction to try and determine cases under this act where the amount of damages does not exceed $200, and to three justices of

the peace jurisdiction where the damages claimed do not exceed $500.

The trial judge appears to have been of the opinion that the Civil Damage Act is a penal statute, and that it was repealed by chapter 403 of the Laws of 1892.

We differ with him upon both propositions.

As to the first, it has been held by this court that the statute is not in any sense a penal statute. That it imposed no penalty and contemplated no violation of the law; but gave a remedy for damages suffered. (*Hall* v. *Germain,* 37 N. Y. St. Repr. 320, 321; *Comstock* v. *Hopkins,* 40 id. 568, 569.) That question must, therefore, be regarded as disposed of so far as this court is concerned.

As to the other proposition, it appears that chapters 401 and 403 of the Laws of 1892 were passed about the same time and were approved by the Governor on the same day, one within a short time after the other.

In chapter 401, there was a general revision and consolidation of the laws regulating the sale of intoxicating liquors, and yet by the provisions of that act there was no attempt to repeal the Civil Damage Act. It in fact preserved it by the provisions of section 40 which we have quoted, and which, it will be observed, is based upon and refers to the Civil Damage Act in the clause: "Unless one of the persons who might have such a cause of action in case of such damage," etc.

No person could have "such a cause of action" except for the Civil Damage Act. It is given by that statute, and would not exist without it. It is thus recognized, referred to and impliedly preserved, though greatly limited.

We are consequently brought to the consideration of the provisions of chapter 403.

The rule is, that where there is no repealing clause in a statute and that and a former one can stand together, and both have effect, they will generally both be held to be in force, but where a revising statute covers the whole subject-matter of a prior statute, and such plainly appears to have been the legislative intent, the revised act is deemed to contain the entire law upon the subject and virtually repeals the former enactment. (*In the Matter of N. Y. Inst. for Deaf and Dumb,* 121 N. Y. 234; *People* v. *The Gold & Stock*

*Tel. Co.*, 98 id. 67–78; *Heckmann* v. *Pinkney*, 81 id. 211–215; *Ellis* v. *Paige*, 1 Pick. 43; *Bartlett* v. *King*, 12 Mass. 537.)

The act under consideration contains no repealing clause. There is nothing in its provisions giving a right of action that is repugnant to the provisions of the Civil Damage Act. It limits the right to recover to the cases in which notice had previously been given by persons injured, to the person selling, forbidding the sale, etc. But this does not deprive persons previously injured or those subsequently injured, who have given the notice, of their right of action. It is not entitled, nor does it purport to be, a revision of the Civil Damage Act. It does not cover the whole subject-matter of that act. It provides that a recovery may be had in a civil action of the damages suffered by reason of the intoxication of any person, etc. It will be observed that it is silent as to the persons that may maintain the action and as to the damages that may be recovered. It is undoubtedly true that it was intended and that it should be construed as giving a right of action to any person who has suffered damages, but it contains no provision as to the kind or nature of damages that may be recovered.

A widow or child at common law could recover no damages because of the death of a husband or father from intoxicating drinks although they might both suffer by reason thereof in their means of support. Damages of that character were not known to the common law (*Volans* v. *Owen*, 74 N. Y. 526–529; *Meed* v. *Stratton*, 87 id. 493–496), but were given by the Civil Damage Act. Without that act they could not maintain an action, for the reason that they could not prove any damages. The word "damage" as used in the latter act would only permit evidence of such matter as constituted damage at common law, and at the same time there is nothing in the use of the word that is repugnant to the provisions of the former act giving damages to means of support.

The latter act contains no provision in reference to recoveries in behalf of minor children or as to the jurisdiction of courts before whom actions based thereon may be tried. It treats upon the subject embraced in section 40 of the revised act, is "*in pari materia*" therewith and they should be considered together.

We think, under the circumstances disclosed, that it was not the

legislative intent to repeal the Civil Damage Act, but that the later act was intended to and must be considered as an amendment and limitation of the provisions of the former act.

The rule doubtless was that actions could not be maintained upon penal statutes, or statutes creating criminal offenses after the repeal thereof. (*Sturgis* v. *Spofford*, 45 N. Y. 446–452; *Knox* v. *Baldwin*, 80 id. 610; *Curtis* v. *Leavitt*, 15 id. 1–229; *Hartung* v. *People*, 22 id. 95.)

Whether this rule has now been changed by the Laws of 1892, chapter 677, section 31, it is unnecessary to now determine, for as to statutes not penal, under which rights have accrued and become vested, the rule is that statutes amending the same have no retroactive force unless the legislature so declare. (*In the Matter of Miller*, 110 N. Y. 216–223; *Reid* v. *The Mayor, etc.*, 52 N. Y. St. Repr. 69.)

In Dwarris on Statutes and Constructions (162, note 9) it is said: "The American authorities are quite uniform on the retroactive effect of statutes. The general rule is that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of actions or suits, and especially vested rights, unless the intention that it shall so operate is expressly declared, and courts will apply new statutes only to future cases unless there is something in the very nature of the case, or in the language of the new provision, which shows that they were intended to have a retroactive operation. And although the words of the statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may thereafter arise, unless a contrary intention is unequivocally expressed therein."

In *Smith* v. *The People* (47 N. Y. 330), it is said that "A statute should not be so construed as to work a public mischief unless required by words of the most explicit and unequivocal import. In the construction of statutes effect must be given to the intent of the Legislature whenever it can be discerned, though such construction seems contrary to the letter of the statute."

In *Suburban Rapid Transit Co.* v. *The Mayor, etc.* (128 N. Y. 510–523), GRAY, J., says: "A construction of an act should be avoided which would injuriously affect the rights of others, and

that sense should be attached to its provisions which will harmonize its objects with the preservation and enjoyment of all existing rights."

In *Bullock* v. *Town of Durham* (64 Hun, 380), the plaintiff was injured because of the failure of the town to maintain proper guards upon a bridge. The injury occurred on the 14th day of August, 1890. In June, 1890, the Legislature passed an act requiring, as a prerequisite to an action against a town for such an injury, the presentation to the supervisor of the town of a verified statement of the cause of action within six months after it accrued, and that no action should be commenced until fifteen days after the service of such verified statement. The act was to take effect on the 1st day of March, 1891. It was held that, inasmuch as the act did not go into effect until March, 1891, it would not, in the absence of an express intention to that effect, operate upon a cause of action which accrued in August, 1890.

In *Sanford* v. *Bennett* (24 N. Y. 20), it was held that the statute of 1854, chapter 130, exempting from prosecution for libel the publishers of legislative debates, is prospective only, and is no defense for a publication prior to its enactment.

In *Vanderkar* v. *The Rensselaer & Saratoga Railroad Company* (13 Barb. 390), the action was brought to recover the value of an animal killed by an engine by reason of the failure of the defendant to construct a cattle guard as required by chapter 140 of the Laws of 1848. Hand, J., in delivering the opinion of the court, says: "Neither the provisions of the act of 1850, or its repealing clause, took away the plaintiff's cause of action, if he had any under the act of 1848. It was not a penalty that he claimed, but damages for an injury to his property, and if, by the law of the land, he had a right of action for that, it was not taken away by the repeal of the statute."

The plaintiff has brought this action to recover the damages which she has sustained by reason of the death of her husband. The action is for damages. A right of action is given by the Civil Damage Act. Her right had matured and become vested before the passage of chapter 403 of the Laws of 1892. The provisions of that act are not by the terms thereof made retroactive, and we think they should not be construed so to be.

The Laws of 1892, chapter 677, is entitled "An Act relating to the Construction of Statutes." Section 31 contains the following provision : "The repeal of a statute or part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture, or punishment incurred prior to the time such repeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted as fully and to the same extent as if such repeal had not been affected, and all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed."

This act was approved May 18, 1892, eighteen days after chapter 403.

It is claimed that this enactment would not have the effect to restore a cause of action which had been lost ; that the repeal of the statute giving the right of action could not be restored under the provision of this section.

We quite agree with the respondent to this extent. But it will be observed that the chapter relates to the construction of statutes. It provides how statutes must be construed, and the effect that shall be given to the repeal of a statute.

Under the view taken by us of this case the construction of this statute becomes unimportant, and we leave it with the remark that actions of the character discussed are preserved unless we now have two rules for the construction of statutes — one for statutes existing prior to the passage of the act and another for those passed after.

The judgment should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., LEWIS and MACOMBER, JJ., concurred.

Judgments appealed from reversed and a new trial granted, with costs to abide the event.