CHARLES F. ACKERSON, as Supervisor of the Town of Somerset, Respondent, *v.* THE BOARD OF SUPERVISORS OF NIAGARA COUNTY and JOHN J. ARNOLD, as County Treasurer, Appellants.

*Town railroad bonds — enforcement by a town of the application, by the county, of railroad taxes to the payment of town bonds — town of Somerset — chapter 907 of Laws of 1869, section 4, as amended — chapter 286 of Laws of 1880 — repeal of statutes by implication.*

A town can enforce, through an action instituted by its supervisor, as well as through an action instituted by a town taxpayer on its behalf, the application by its county of the taxes, collected from a railroad in the town, to the satisfaction of bonds issued by the town in aid of the railroad, as prescribed by section 4 of chapter 907 of the Laws of 1869, as amended in 1870 and 1871.

The supervisor of the town of Somerset in Niagara county, which town in 1880, under the authority conferred upon it by chapter 286 of the laws of that year, issued its bonds to take up bonds which had been theretofore issued by it to aid in the construction of a railroad through the town, may maintain an action against Niagara county for, and recover, by force of the provisions of section 4 of chapter 907 of the Laws of 1869, as amended, the amount of taxes, excepting school and road taxes, collected from the railroad company in the town of Somerset within six years prior to the commencement of the action, which had not been applied by the county treasurer to the purchase of the town's bonds or invested as a sinking fund for their redemption, as required by the statute of 1869, as amended.

The fact that in certain years the taxes in question were collected from the railroad company by the town collector of the town of Somerset, who first paid therefrom the town orders authorized by the county board of supervisors, and then turned the balance, with the orders paid by him, over to the county treasurer, does not change the situation of the town and county in respect to such taxes, or call for the exclusion of such town taxes from the amount of the recovery from the county, on the theory that the town had had the benefit thereof.

The provisions of section 4 of chapter 907 of the Laws of 1869, as amended, were not repealed by implication, in respect to the town of Somerset, by chapter 286 of the Laws of 1880, entitled "An act for the relief of the town of Somerset, to abolish the office of railroad commissioner of said town, and to enable it to adjust its indebtedness and issue bonds therefor;" — the latter act not being a revision of the former, nor covering the whole subject-matter thereof, nor containing anything repugnant thereto.

APPEAL by the defendants, the Board of Supervisors of Niagara county and John J. Arnold, as county treasurer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Niagara county on the 26th day of July, 1892, upon a

decision rendered by the court after a trial by the court at the Niagara Special Term held for the trial of equity causes.

*John E. Pound*, for the appellants.

*Cassius C. Davy*, for the respondent.

HAIGHT, J.:

This action was brought to recover the amount of the taxes collected by the defendants from the Rome, Watertown and Ogdensburgh Railroad Company in the town of Somerset, and is based upon the provisions of section 4, chapter 907 of the Laws of 1869, as amended by chapter 789 of the Laws of 1870, and chapters 283 and 925 of the Laws of 1871.

In the year 1872 the town of Somerset issued bonds to the amount of $90,000, bearing interest at the rate of seven per cent per annum, to aid in the construction of the Lake Ontario Shore railroad then about to be built through the town. These bonds were issued to the railroad company in exchange for the company's stock, and the proceeds were used in the construction of the road. In 1874 the property of the railroad company was sold under foreclosure, and the purchasers reorganized under the name of the Lake Ontario Railroad Company, which company was, in January, 1875, consolidated with the Rome, Watertown and Ogdensburgh Railroad Company under the latter name. The interest maturing upon the bonds was not paid by the town, and several actions were brought by some of the holders of the bonds, which resulted in judgments against the town for the amount due and unpaid. In 1880 the Legislature, upon the request of the officers of the town, enacted chapter 286 of the laws of that year, whereby the supervisor and justices of the peace of the town made an agreement with the holders of the bonds by which their judgments were settled and their bonds surrendered up and canceled, they receiving therefor new bonds issued by the town bearing interest at five per cent per annum, and payable within thirty-three years from the date thereof. No part of the moneys collected from the railroad company by the county has ever been used by the county treasurer in the purchase of the bonds issued by the town to the railroad company, or has ever been invested as a

sinking fund for the redemption of such bonds, as required by the provisions of the statute. The trial court awarded judgment for the amount of such taxes, excepting school and road taxes, collected within six years prior to the commencement of the action.

It is now contended that the recovery should not have included the town taxes for the reason that the town had had the benefit of the amounts collected for that purpose.

The trial court has found as facts : " That all of said railroad taxes in each of said years, was, by direction of the defendant, the board of supervisors of Niagara county, converted and appropriated to the payment of the liabilities of the county of Niagara ; that all of such taxes in each of said years, was, by the respective county treasurers of said county, immediately after the receipt thereof, mingled with the general funds of the said county of Niagara, and thence paid out upon orders drawn by the respective county treasurers of said county, being thereto authorized and directed by the said board of supervisors, and not otherwise." It is claimed that these findings are against the weight of evidence ; that in one or two of the years for which a recovery was had the taxes were collected from the railroad company by the town collector, who first paid therefrom the town orders authorized by the board of supervisors, and then turned the balance, with the orders paid by him, over to the county treasurer. Assume that this was done. It does not necessarily show that the findings are erroneous. We do not understand that it changes the situation of the parties. For the town orders turned in by the collector to the treasurer represented so much cash, and the orders were payable out of the other funds set apart by the board of supervisors for that purpose. If we have the question presented as to whether the town can recover from the county the amount of the town taxes collected from the railroad company, we do not propose to discuss it, for it has already been considered in the Court of Appeals in the case of *Clark* v. *Sheldon* (106 N. Y. 104), and again in the same case in 134 N. Y. 333 ; and if this question is to be again opened for discussion it should be in that court. It is true that in that case the question arose in a proceeding instituted by a taxpayer to compel the treasurer to invest the moneys received from the railroad company as taxes, but it was for taxes that had been theretofore collected, and the proceeding

was instituted on behalf of a taxpayer of the town, and if a tax-payer of the town had the right to have the money collected for town purposes invested as a sinking fund, we fail to see why the supervisor acting for the town would not be entitled to the same relief. It is said that the town has had the benefit of the fund. So it has of the State and county taxes as well; for it was the duty of the town to pay its proportionate part of the State and county taxes, and the amount that the county has collected of the railroad company was a part of the town's proportion that it was required to pay.

It is further contended that chapter 286 of the Laws of 1880 covers the entire subject-matter embraced in this action, and by necessary implication repeals the provisions of section 4, chapter 907 of the Laws of 1869, as amended by chapter 283 of the Laws of 1871. The provisions of the act under which this action is brought are as follows: "All taxes, except school and road taxes, collected for the next thirty years, or so much thereof as may be necessary, in any town, village or city, on the assessed valuation of any railroad in said town, village or city for which said town, village or city has issued, or shall issue, bonds to aid in the construction of said railroad, shall be paid over to the treasurer of the county in which said town, city or village lies. It shall be the duty of said treasurer, with the money arising from taxes levied and collected as aforesaid, which has heretofore been or shall hereafter be paid to him, includ-ing interest thereon, to purchase the bonds of said town, issued by said town to aid in the construction of any railroad or railroads, when the same can be purchased at or below par; the bonds so pur-chased to be immediately canceled by said treasurer and the county judge and deposited with the board of supervisors. In case said bonds so issued cannot be purchased at or below the par value thereof, then it shall be the duty of said treasurer, and he is hereby directed, to invest said money so paid to him as above mentioned, with the accumulated interest thereon, in the bonds of this State, or of any city, county, town or village thereof, issued pursuant to the laws of this State, or in bonds of the United States. The bonds so pur-chased, with the accumulated interest thereon, shall be held by said county treasurer as a sinking fund for the redemption and payment of the bonds issued, or to be issued, by said town, village or city, in aid of the construction of said railroad or railroads." The section

of the statute from which the above is quoted contains other provisions pertaining to the duties of the railroad commissioner in reference to the issuing of bonds, etc.   Chapter 286 of the Laws of 1880 is entitled "An act for the relief of the town of Somerset, to abolish the office of railroad commissioner of said town, and to enable it to adjust its indebtedness and issue bonds therefor."   Section 1 provides : "The supervisor of the town of Somerset, together with the justices of the peace of said town, or any three of such officers, are hereby authorized to execute under their hands and seal and to issue new bonds, with interest-bearing coupons, in the name of the town of Somerset, for the purpose of redeeming, taking up and retiring the bonds issued by George H. Bradley, William H. Hyde and Stephen Meade, railroad commissioners of said town, in aid of the Lake Ontario Shore Railroad Company, such other bonds to bear interest annually at the rate of five per centum per annum, and be made payable at such times that the principal thereof shall become due and payable in thirty-three annual payments, and such payments substantially equal, and said interest and principal to be payable at some place that shall be designated in said bonds and coupons.   Said new bonds may be issued to the holders of said old bonds or coupons, or the owner of any judgment recovered thereon, in sufficient amount to take up the old bonds, and due or past due coupons and judgments recovered thereon owned by them respectively, or in the discretion of said supervisor and justices of the peace, they may sell said new bonds at a price not less than par, and with the proceeds thereof take up said old bonds and due or past due coupons and judgments recovered thereon, but no greater amount of such bonds shall be issued than is sufficient to take up and retire said old bonds and coupons, including judgments thereon which have been recovered against said town, and they shall be used for no other purpose. *   *   *   Said supervisor and justices are hereby authorized to settle and adjust said indebtedness, and nothing herein shall be construed as compelling them to issue said bonds until a satisfactory adjustment is made."   Other provisions of the act require the supervisor to report at each annual session of the board of supervisors the amount of bonds and coupons issued and falling due within the year, and the amount that would be required to pay the same, and it is made the duty of the board of supervisors to assess and collect

ACKERSON *v.* BOARD OF SUPERVISORS. 621

from the taxable property of the town an amount sufficient to pay the same. Section 5 of the act abolishes the office of railroad commissioners, and the powers and duties devolved upon them are vested and imposed upon the supervisor of the town. There is no clause in the act expressly repealing the provisions of the former act, except that pertaining to railroad commissioners. Is there anything in its provisions which is repugnant to, or which by implication operates to repeal, the provisions of the former act? The subject of the repeal of statutes has been recently considered by us in the case of *Reinhardt* v. *Fritzsche* (69 Hun, 565), and the rule, as we there stated, is " that where there is no repealing clause in a statute, and that and a former one can stand together and both have effect, they will generally both be held to be in force; but where a revising statute covers the whole subject-matter of a prior statute, and such plainly appears to have been the legislative intent, the revised act is deemed to contain the entire law upon the subject, and virtually repeals the former enactment." (*In the Matter of N. Y. Inst. for Deaf & Dumb*, 121 N. Y. 234; *People* v. *The Gold & Stock Tel. Co.*, 98 id. 67–78; *Heckmann* v. *Pinkney*, 81 id. 211–215; *Ellis* v. *Paige*, 1 Pick. 43; *Bartlett* v. *King*, 12 Mass. 537.)

It will be observed that there is nothing in the act which purports to be a revision of the former act, nor do we find anything in its provisions that is repugnant thereto. It is entitled as an act for the relief of the town of Somerset, and to enable it to adjust its indebtedness and to issue bonds therefor. If we were to adopt the construction contended for by the appellants it would have been more properly entitled an act to relieve the county of its obligation to the town, and to deprive the town of its cause of action against the county. The purpose of the act is apparent. The town had been bonded to aid the railroad company in building its road. Litigation had followed and several judgments had been obtained against the town. The interest upon the bonds for several years had matured, and the town had been called upon to pay. The bonds that had been issued bore interest at the rate of seven per cent. The officers of the town had discovered that the holders of the bonds were willing to compromise with them and receive new bonds bearing interest at the rate of five per cent. It was under these circumstances that application was made to the Legislature for relief,

which resulted in the passage of the act in question. As we view it the new bonds were issued to take the place of the old. The new are in effect renewals of the old bonds, and stand in their place. The county treasurer can perform his duty under the former act by taking the money that is collected as taxes from the railroad company, and with it buy in new bonds of the town if they can be purchased at par, or if not, invest the money as a sinking fund for their redemption when due. The provision requiring the supervisor to report the number of bonds and coupons issued and the amount that will fall due, and that will be required to be raised by taxes in order to meet the same, is not inconsistent, for he is only to report " the amount required to pay the same." If any part has been paid by the treasurer, or if any of the bonds have become due, or any part thereof, so that the fund reserved may be applied in the payment thereof, to that extent it will relieve the town from its annual obligation to pay. The new act does not cover the entire subject embraced in the former act, and it expressly preserves some of its provisions. It abolishes the office of railroad commissioner, but their powers and duties are preserved and cast upon the supervisor of the town.

The judgment should be affirmed, with costs.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment appealed from affirmed, with costs.