BUTLER H. BIXBY, PLAINTIFF, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, DEFENDANT.

*Increase of salary of New York police justices — payment of, legalized by chapter* 412, *Laws of* 1888 — *that act did not give a right of action to recover such increase by one to whom it had not been paid — a claim must be presented under chapter* 410, *Laws of* 1882, *section* 1104, *after the right of action arises.*

A board of aldermen of the city of New York, on the 24th day of December, 1869, passed a resolution making the salary of a police justice of said city, then $5,000 per annum, the same as that of the city judge, which was $10,000 per annum. The mayor did not approve the resolution, which was returned to said board on December thirty-first, and no further action was taken upon it.

Between January 1, 1870, and September 1, 1871, such increased salary was, notwithstanding, paid to the police justices. By chapter 412, Laws of 1888, these increased payments during said period were declared to be lawful, and the above-mentioned resolution was, by that act, legalized, ratified and confirmed.

In an action brought by a former police justice of said city, who, during a portion of said period, was paid at the rate of $5,000 per annum, to recover such increased salary for the remainder of that period:

*Held,* that he could not recover.

That the ratification of said resolution contained in said act was only for the purpose of protecting the city officials who had made such unauthorized payments from being sued therefor; that it only validated said resolution to that extent, and afforded no ground of action to one who had never been paid the increase of salary.

That this was more evident from the fact that prior to the passage of the act of 1888 the Court of Appeals had held that the city could not recover from said justices the amounts paid for such increase of salary.

That if it should be assumed that the act of 1888 had the effect claimed by the plaintiff, then his cause of action first arose when said act of 1888 was passed, and that, as his action was commenced before the passage of said act, his claim had not been duly presented, before action, to the comptroller of said city, and that he could not recover.

EXCEPTIONS of the defendant, the Mayor, Aldermen and Commonalty of the City of New York, ordered to be heard in the first instance at General Term (the entry of judgment being in the meantime suspended), after a verdict for the plaintiff for $22.209.94 had been directed by the court upon a trial had before the court and a jury at the New York Circuit.

*Gratz Nathan*, for the plaintiff.

*D. J. Dean*, for the defendant.

VAN BRUNT, P. J.:

This action was brought to recover an alleged balance of salary, from January 1, 1870, to November 1, 1873, due to the plaintiff as one of the police justices of the city of New York. Upon the trial the plaintiff alleged that the salary of the office was $10,000 per annum, payable in monthly installments; and that he was paid the salary named until the 31st of July, 1871, from which date to the 1st of November, 1873, he was paid at the rate of $5,000 per annum. The defendant denied that the salary was $10,000 per annum, and alleged that such salary was $5,000, all of which had been paid.

To support the allegation that the salary was $10,000 the plaintiff proved that on the 31st of December, 1870, the salary of the city judge was $10,000 per annum, and that on the 20th of December, 1869, a resolution was passed by the board of aldermen to fix the salary of the police justices at the same rate as was then paid to the city judge.

The resolution was adopted by the board of assistant aldermen on the 24th of December, 1869, and sent to the mayor. The resolution was returned by the mayor to the board of aldermen on the 31st of December, 1869, without his approval or objections thereto, and no further action was taken thereon.

The defendant objected to the admission of the resolution upon the ground that it never became a law, because it had never been approved by the mayor, or had not remained in his office ten days without action; neither had it been passed by a two-thirds vote, or otherwise, after being sent back to the common council.

The court held that the resolution had become validated by an

act of the legislature passed in 1888, and known as chapter 412 of the laws of that year, and overruled the objection, to which ruling the defendant excepted.

The plaintiff then proved that demand was made by the claimant at the end of each month during the period covered by the claim. The defendant objected that at the time such demands were made the plaintiff had no valid claim, which objection was overruled, and defendant excepted.

At the close of the plaintiff's case the defendant's counsel moved to dismiss the complaint; the motion was denied and exception taken.   A verdict was directed for the plaintiff for the principal and interest of the claim, and defendant excepted.   The court made an order that the exceptions should be heard in the first instance at the General Term, the judgment in the meantime to be suspended. There are questions presented by this appeal as to the constitutionality of the act which will hereinafter be discussed, and also questions as to the right to maintain this action, no demand having been made after the passage of the act, which it will not be necessary for us to consider in view of the conclusion we have reached in construing the act in question.

In *Cox* v. *Mayor* (103 N. Y., 519), it was held that the common council had no power to increase the salary of the police justices, as they attempted to do by the so-called resolution of December, 1869, above referred to.   And it was further held that the payment of the increase to the police justices, which had been continued for some time, could not be recovered back by the city because the money was received in good faith; there was no mistake of facts, and the payments were made voluntarily by the city officials out of moneys lawfully placed in the city treasury for that purpose.   Subsequently, in May, 1888, the legislature passed an act (chap. 412), which provided that all payments made by the mayor, etc., from January 1, 1870, to September 1, 1871 (those being the dates between which the increase had been paid by the city), to the persons then police justices at the rate of salary fixed by resolution of the common council, dated December 31, 1869, were declared to be lawfully paid, and said resolution was thereby legalized, ratified and confirmed. It is claimed that, by this legislative action, life was breathed into this resolution as of the time when it was originally passed, and that

the plaintiff and others who were then acting as police justices might recover the salary remaining unpaid at the rate of $10,000 per annum.

We think upon an examination of the act, in view of the circumstances under which it was passed, that no such construction can be put upon it.   In the construing of statutes the principle is well settled that the legislative intent must govern even where such construction seems to run counter to the letter of the law.   (*People ex rel. Wood* v. *Lacombe*, 99 N. Y., 45, and cases cited.)   It is not to be presumed in the construction of this act that the legislature intended to make a gift to the persons who occupied the office of police justice between the 1st of January, 1870, and the 1st of November, 1873, and if any reasonable construction can be placed upon the act without giving it this interpretation, it certainly should be done.

It appears that the city officials had, without authority, been paying the alleged salary to these police justices; they, perhaps, were amenable to the city to the extent of the excess in payment, and it would appear that this legislation was intended to protect them against such liability, and for no other purpose, because the reference to payment in that act could have no other effect, as it had already been decided by the Court of Appeals that the city could not recover back from the justices the excessive salary paid to them. The latter, therefore, needed no protection.

Having this in view, the legislation becomes entirely intelligible and consistent.   The provision was for the purpose of protecting the city officials in the payments which had been made, and it, therefore, declared that all these payments had been lawfully made, and said resolution legalized, ratified and confirmed, so far as these payments were concerned.

There was evidently no intention, as has already been stated, to make a donation in excess of that which they had already wrongfully received, to the persons who happened to be occupying the office of police justices during this period.   Unless the intention of the legislature was as has been hereinbefore indicated, then all reference to this question of payment in the act was absolutely senseless, and the legislature is not to be presumed to have legislated upon a subject without some meaning or object.

We think that the true construction of the act limits the ratifica-

tion of the resolution to the legalization of the payments which had been made, and forms no basis for the claim presented by the plaintiff.

The exceptions should be sustained and new trial granted, with costs to defendant to abide the final event.

DANIELS, J., concurred.

INGRAHAM, J. :

I concur with the presiding justice in his construction of the act of 1888, and I think it clear that the plaintiff is not entitled to recover.

The act of the common council in attempting to pass the resolution, known as the resolution of December, 1869, was without authority. Their act was, therefore, void, and there was no resolution passed.

The legal salary of plaintiff was $5,000 per year; for that he was to perform the services required of him by law as police justice, and he received such compensation for such services.

In 1888, when the act in question was passed, there was no resolution in existence, but for a certain period plaintiff had been paid upon the assumption that the resolution fixing such salary at $10,000 per year was legal.

The act proceeds to legalize such payment, and declared that the plaintiff was lawfully paid the amount that he was paid under the authority of the void resolution. The act then provides that said resolution is hereby legalized, ratified and confirmed.

Now, for the first time, there is a legal resolution ; for the first time there is anything that is binding upon the municipal corporation. There is no intention expressed that the act should have retroactive effect except so far as to legalize the payments that had been actually made, so that the position is, that on May 26, 1888, a resolution is adopted whereby it is resolved that " the salary of each of the police justices be and is hereby fixed at the same rate as now paid to the city judge."

The services that the plaintiff had rendered, and for which he seeks to recover in this action, had been rendered and his term of office had expired long prior to the passage of the act. This act, if it was to take effect as of the date of its passage, could not affect his right to compensation rendered before it was passed.

Had it been the intention of the legislature to give, by the mere legalization of the void resolution, the retroactive effect claimed by plaintiff, the legalization of the payments by the city officers would have been unnecessary; all that would have been necessary would have been to legalize the passage of the resolution as of the date at which it was attempted to be passed, and when the legislature provided that the payments made on the assumption that the resolution was valid should be legalized and then proceeded to legalize the resolution, I think that the act, so far as it was to have any effect prior to its passage, must be confined to the express provision of the statute legalizing the payments.

The act of the legislature in legalizing the resolutions is not the act of the principal ratifying an act of an agent whereby the agent had assumed to act for his principal without authority.    When the common council attempted to pass the resolution they assumed to act under power delegated to them by the people of the State.    Such power had not been delegated, consequently their act was void.

Subsequently the legislature, notwithstanding the common council had no power to do what they attempted to do, in 1888 legalized the resolution, then making it a legal resolution, and it could only be effectual from the time it was legalized.

But, assuming that the act had the effect claimed by plaintiff, the cause of action for the salary unpaid arose only when the act legalizing the resolution was passed, and this action was commenced prior to that time, and without presentation of the claim to the comptroller when it was a legal claim and the city was bound to honor it.

When the action was commenced, therefore, there was no liability of the city, and no cause of action against the city existed.    I concur, therefore, with the presiding justice that a new trial should be ordered.

DANIELS, J., concurred.

Exceptions sustained and new trial granted, with costs to the defendant to abide the final event.