Merritt A. Jones, Respondent, *v.* The Mail and Express Publishing Company, Appellant.

Daniel E. Christie, Respondent, *v.* The Mail and Express Publishing Company, Appellant.

*Rule for statutory construction — certificate of the payment in full of the capital stock of a corporation — must, under section 37 of chapter 611 of 1875, be recorded in the Secretary of State's and county clerk's offices.*

The fundamental rule for the interpretation of statutes is to ascertain the intention of the Legislature, and courts may interpret imperfect language in a statute so as to carry out what appears to be the general policy of the law.

Under the provisions of section 37 of chapter 611 of the Laws of 1875, the directors of a corporation are required to record a certificate of the payment in full of the capital stock of such corporation in the office of the Secretary of State and in the office of the clerk of the county in which the principal place of business of the corporation is situated.

Appeal by the defendant, The Mail and Express Publishing Company, from two interlocutory judgments of the Supreme Court in favor, respectively, of the respective plaintiffs in the above-entitled actions, entered in the office of the clerk of the county of Kings on the 2d day of March, 1894, upon the decision of the court, rendered after a trial at the Kings County Special Term, overruling the defendant's demurrers to the complaints, and also from two orders entered in said clerk's office on the 28th day of February, 1894, overruling said demurrers, and also from the decision of the court directing the entry of said interlocutory judgments, with notice of an intention to bring up for review upon such appeal said decision.

*William Irwin,* for the appellant.

*Henry L. Brant,* for the respondents.

DYKMAN, J. :

These are appeals by the defendant from the decision, order and interlocutory judgment overruling the demurrer of the defendant to the complaint of the plaintiff in each of the above-entitled actions upon the ground that they fail to state facts sufficient to constitute a cause of action.

The purpose of the suit is to enforce the statutory liability of the defendant as a stockholder of the New York Advertising Agency (Limited), for certain debts of that corporation, upon the ground of the failure of the directors of the defendant to file a certificate of the full payment of its capital stock, according to the requirements of section 37 of chapter 611 of the Laws of 1875.

The only question requiring attention is presented in this manner : The complaint alleges the failure of the defendant to file the certificate of the payment of its capital stock, as required by the statute, in the office of the clerk of the city and county of New York, where the principal business office of the defendant was situated, and the defendant contends that the statute contains no such requirement.

Section 37 of the act under which this suit is prosecuted contains these provisions : " In limited liability companies all the stockholders shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company has been paid in, and a certificate thereof has been made and recorded as hereinafter prescribed.   *   *   *

" The directors of every such company, within thirty days after the payment of the last installment of the capital stock, shall make a certificate stating the amount of the capital so paid in, which certificate shall be signed and sworn to by the president and a majority of the directors, and they shall, within the said thirty days, record the same in the office of the Secretary of State and of the county in which the principal business office of such corporation is situated."

It is now the contention of the defendant that this statute is satis-

fied by recording the certificate in the office of the Secretary of State only.

That question is to be settled by a construction of the statute according to a few familiar rules, and the fundamental rule for the interpretation of statutes is to ascertain the intention of the Legislature.

It is ever of paramount importance to ascertain the purposes of the enactment, because the courts may interpret imperfect language in a statute so as to carry out what appears to be the general policy of the law. (*McKuskie* v. *Hendrickson*, 128 N. Y. 555.)

" The legislative intent must govern even where such construction seems to run counter to the letter of the law." (*Bixby* v. *Mayor*, 61 Hun, 490.)

That construction must be adopted which will effectuate as far as possible the intent of the framers of the statute, and obviate the anticipated evils which were the occasion thereof. (*Tonnele* v. *Hall*, 4 N. Y. 140.)

It is obvious from the reading of this statute that it does not perfectly express the intention of the lawmakers, which evidently was to require the recording of the certificate in two places, one of which was the office of the Secretary of State ; the other was some office in the county in which the principal business office of the corporation was situated.

The question is, what office in the county was intended ? There is usually but one office in the counties of this State where papers can be legally recorded and filed, and that is the office of the county clerk. But few counties in this State have a register's office, and this law must have a general application.

As, therefore, we reach the conclusion that the statute requires the certificate to be recorded in some office in the county, and as there is no county office in all the counties of the State where the same can be recorded except the office of the county clerk, it seems to follow that the Legislature intend to provide for the recording of the certificate in the office of the county clerk.

It is a significant fact in aid of this interpretation that this statute in several places mentions the " office of the Secretary of State and of the clerk of the county in which the principal business office of such corporation is situated " conjunctively, as the offices in which various papers are to be filed.

The other questions presented by the appeal were properly determined by the trial judge, and the decision, order and judgment should be affirmed, with costs and disbursements.

CULLEN, J., concurred; BROWN, P. J., dissenting.

Judgment affirmed, with costs, with leave to defendant to answer on payment of costs.