(18 Misc. Rep. 507.)

## SMITH v. DEDERICK.

(Chautauqua County Court. November, 1896.)

COSTS—ON ACCEPTANCE OF OFFER OF JUDGMENT.

A party accepting an offer of judgment made pending appeal from a justice court cannot tax costs of appeal, under Code Civ. Proc. § 3070, providing that, where an offer is accepted, judgment shall be entered accordingly; that a party refusing an offer shall be liable for costs of appeal, unless he recovers more than the sum offered; and that, if there is no offer, the prevailing party shall recover costs of appeal,—since the statute, by its terms, provides for awarding costs only on refusal of an offer, or where no offer is made.

Action by William O. Smith against Mrs. John Dederick, wife of John Dederick, of Lillydale. Plaintiff moves to retax costs. Granted.

J. Delevan Curtis, for the motion.
A. C. Pickard, opposed.

VAN DUSEN, J. In the month of August, 1896, the plaintiff recovered a judgment against the defendant, before a justice of the peace of the county, for $4.55 damages and costs. The defendant appealed from the judgment, demanding a new trial in the appellate court. Thereafter, and within 15 days after the service of the notice of appeal, the respondent duly served a written offer to allow judgment to be taken and entered against him for $1.25, which offer was, within 10 days thereafter, duly accepted, and judgment docketed therefor in the clerk's office of Chautauqua county. Upon the taxa-

tion of costs, the appellant claimed to be entitled to tax the follow-
ing items: Costs before notice of trial, $15; serving notice of ap-
peal, $2. These items were objected to upon a hearing had before
the taxing officer, after which they were taxed as against the ob-
jector, and a judgment was duly entered and docketed against the
respondent, which judgment included these items.

Prior to the amendment of 1895 (see Laws 1895, p. 181, c. 356) to
section 3070 of the Code of Civil Procedure, under which section this
offer and acceptance were made, no such items were taxable when
the offer and acceptance were for a specified sum. No costs were
allowable in such cases. Hollenback v. Knapp, 42 Hun, 207. No
costs of appeal will have been incurred at the time of the acceptance
of the offer, as none occurs until after the notice of trial is served.
Code, § 3073. This cannot be done at this time. The justice cannot
make his return inside of 10 days, and the issue is not made until 10
days after the filing of the return; and, after the offer is served, no
notice of trial can be properly given while the adverse party is hold-
ing the matter under advisement. I assume that it is upon this the-
ory that section 3070 directs the offer to be made without any men-
tion of costs. The party in whose favor the judgment on the ac-
ceptance of the offer is entered is entitled to recover only his dis-
bursements, among which are the costs in the court below and the
return fee in taking the appeal. Section 3070, referred to, makes
provision for a class of cases arising upon appeal to the county court
for a new trial. In the first class we find the cases like the one now
being considered, wherein the offer and acceptance are for a speci-
fied sum, with no mention regarding costs. It is further provided
in such section that, where an offer is made, the party refusing to ac-
cept the same shall be liable for the costs of the appeal, unless the
recovery shall be more favorable to him than the sum offered. This
provision sustains the construction heretofore given in cases like the
one at bar respecting costs. The third provision found in this sec-
tion is where neither party makes an offer, in which case the party
in whose favor the verdict, report, or decision in the appellate court
is given shall be entitled to recover his costs upon the appeal. The
amendment of 1895 was as follows: "Costs when awarded accord-
ing to the provisions of this section shall be in amounts provided in
section 3073 of this article." The construction to be given to this
section as amended, respecting the right to recover costs in a case
like the one at bar, has not been changed by the amendment. The
taxation should be set aside, and the judgment vacated, with costs of
this motion; and the clerk should proceed to tax the disbursements
of the appellant, including the two dollars for serving the notice of
appeal, in accordance with the views herein expressed, entering judg-
ment for the balance in favor of the party entitled thereto.

Motion granted.