(34 Misc. Rep. 408.)

### LAUFFER v. BAST.

(Supreme Court, Special Term, Erie County. April, 1901.)

APPEAL FROM MUNICIPAL COURT—OFFER OF JUDGMENT—COSTS. ·
    Where, in an action in a municipal court, defendant recovers judgment for more than $50, and on appeal by plaintiff the latter makes an offer of judgment for less than $50, which is accepted, defendant is entitled to judgment for the offer, and costs up to the entry of judgment, as granted, by Laws 1898, c. 101, creating the municipal court.

Appeal from municipal court of Buffalo.

Action by George Lauffer against Frederick Bast. Judgment for defendant in the municipal court, and plaintiff appeals. Offer of judgment accepted·by defendant. Motion to retax costs granted.

E. G. Mansfield, for appellant.
Schwendler & Lester, for respondent.

LAMBERT, J. The defendant in this action recovered a judgment against the plaintiff in the municipal court of Buffalo for the sum of $59. The plaintiff appealed to this court for a new trial, and in due time made an offer of judgment under section 3070 of the Code, permitting the defendant to take judgment for $25. The defendant duly accepted this offer. The question arising here is as to whether the defendant is entitled to enter judgment for the $25 merely, or for $25 and costs up to the time of the entry of the judg-

ment.  I believe that the defendant is entitled to costs in addition
to the $25.  This was the view adopted in Hollenback v. Knapp, 42
Hun, 207, where it is stated that:

"The costs and disbursements are a mere incident to the recovery.  The
debt or damages are the recovery, and not the costs, which are uncertain,
indefinite, and growing as the case goes on.  The costs and disbursements
have nothing to do with the offer of judgment, and ordinarily follow the
recovery as an incident thereto."

This rule is also followed in Smith v. Dederick, 18 Misc. Rep. 507,
42 N. Y. Supp. 1119, and it seems to be an entirely just rule.  The
object of the provision for an offer of judgment seems to be to per-
mit a party, who realizes that he is liable to a certain extent, to con-
fess this liability, and thus prevent a further accumulation of costs
against him, if his adversary unsuccessfully presses a claim for a
greater amount.  But the very fact that a party makes an offer of
judgment is a confession that his adversary had a just claim, and
the law will not penalize a person who seeks its aid in the enforce-
ment of a just claim, by compelling him to bear the expenses of the
litigation, however far it may have proceeded.  The plaintiff, in sup-
port of his contention that the defendant is entitled to no costs what-
ever, cites but two cases, viz. McKuskie v. Hendrickson, 128 N. Y.
555, 28 N. E. 650, and Pierano v. Merritt, 148 N. Y. 289, 42 N. E.
718.  In the former of these, the plaintiff recovered a judgment in a
justice's court.  The defendant appealed to the county court, de-
manding a new trial, and served an offer of judgment.  The plaintiff
did not accept this offer, and upon the trial recovered a judgment,
which was greater than the amount of the offer, but less than $50.
The court of appeals held that the plaintiff could not recover costs
because "there is no provision in the Code giving the plaintiff costs
in such a case against the defendant where the recovery is for less
than $50"; thereby implying that if the recovery had been for more
than $50 in favor of the plaintiff, or for any amount in favor of the
defendant, the successful party would have been entitled to costs,
because there is provision to this effect in the Code.  Sections 3228,
3229, Code Civ. Proc.  In the Pierano Case neither party made an
offer of judgment, and, although the plaintiff recovered an amount
less than $50, the court held that he was entitled to costs.  This
decision was based upon section 3070 of the Code.  The court says
that the object of this section is to encourage the settlement of liti-
gation, and that, if neither party takes advantage of the opportunity
given him to make an offer of judgment, each thereby makes him-
self liable for the costs to the successful party, however small the
recovery may be.  Applying to this case the principle of the Pierano
Case, viz. that the object of this section is to encourage the settle-
ment of litigation, it would seem that a defendant who accepts an
offer is entitled to quite as much consideration as the plaintiff, who
makes the offer, because without this acceptance the litigation would
not be ended.  The defendant should not, therefore, be compelled
to pay his own costs, when the plaintiff, by the offer of judgment,
admits that he unjustly brought the defendant into court.

The defendant upon this motion also asks that an error in the

amount of costs, as taxed by the clerk of the municipal court, and followed by the clerk of this court, may be corrected. It clearly appears that such an error has been made, and that the statutory allowance in the municipal court should have been $15 instead of $8. Laws 1898, c. 101, § 462, subd. 5. The clerk should therefore be directed to retax the costs at $20.50, and to enter judgment in favor of the defendant for $25 and $20.50 costs.

Ordered accordingly.