MARY BIRCH REID, Respondent, *v.* THE BOARD OF SUPERVISORS OF ALBANY COUNTY, Appellant.

Under the provisions of the act providing " for the assessment and collection of taxes in the city of Albany " (§ 52, chap. 86, Laws of 1850), which, in case a purchaser at a tax sale shall be unable to recover possession of the real estate because of error or irregularity in the proceedings for the levying or collection, requires the board of supervisors of the county to reimburse the purchase-money, and upon the refusal or neglect to do so, authorizes the recovery of the money in an action against the board, when, in consequence of some defect in the proceeding, a sale is invalid, and because thereof the purchaser is unable to recover possession, he is at once entitled to reimbursement and his cause of action is barred, if suit is not brought in six years from the time when the right to make a demand for reimbursement was complete. (Code Civ. Pro. § 410.)

In an action under said provision to recover back the purchase-money paid on various tax sales, all of which were made in and prior to 1883, and more than seven years before the commencement of the action, it was not alleged in the complaint or shown upon the trial that any legal proceeding had been instituted by the purchaser or his successor in interest to recover possession of the land, or that he made any effort to obtain possession, but it was admitted that by a decision of this court (*Remsen*

v. *Wheeler*, 105 N. Y. 573), rendered four years after the sale in an action between other parties, sales under similar proceedings in another locality were adjudged illegal and void. The court below decided that neither the purchaser nor plaintiff, his successor in interest, was entitled to bring an action for reimbursement until such decision, and so that the action was not barred by the statute. *Held*, error; that the decision had no effect upon and in no way changed the rights, duties or obligations of the parties here, but was simply an authority as to the law.

*It seems* said provision requires that before a recovery can be had in such an action plantiff must show an effort on the part of the purchaser to obtain possession under the tax sale, and that he was unable to do so because of its invalidity; it is not sufficient to show merely that the sale was illegal.

*It seems*, however, the purchaser is not bound to bring an action or to institute a proceeding, such as is authorized by the act (§ 48); if he demand possession of the occupant or owner, and this is refused on the ground of invalidity of the sale, he then may make his demand for reimbursement; in which case, however, he assumes the burden of establishing the invalidity of the sale.

*It seems*, also, that the purchaser must act within a reasonable time after he obtains his certificate; that in case he institutes legal proceedings and conducts them to a determination with reasonable diligence, the statute will begin to run from such termination; and that if he relies upon a demand of possession, and this is shown to have been made within a reasonable time, the statute will begin to run from that time.

*It seems*, also, that the question as to what is a reasonable time, is one of law.

The amendment of said provision made by the act of 1889 (Chap. 429, Laws of 1889), which requires the reimbursement to be made "within six years from such sale," is prospective in its character, and so has no effect upon prior sales; said amendment did not repeal the limitations of the Code of Civil Procedure, but left them to apply to the past and simply made a new rule for future cases.

*It seems*, also, that the legislature might have made the amendment retroactive in its character, provided a reasonable time was given to the purchaser to claim and enforce reimbursement after the amendment took effect

*Reid* v. *Suprs.*, *etc.* (60 Hun, 215), reversed.

(Argued June 23, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 21, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

William Reid became the purchaser at tax sales in the city of Albany of certain lands sold for the non-payment of taxes thereon, under the act, chapter 86 of the Laws of 1850, and he received the certificates of such sales and the deeds of the lands sold as provided in that act. The sales were made and the moneys paid by him between June, 1875, and June, 1883, both inclusive. The plaintiff has succeeded to the rights of Reid and commenced this action September 2, 1890, to recover with interest the moneys paid by Reid upon such sales. The defense was the Statute of Limitations, which was overruled by the trial judge, who gave judgment to the plaintiff for the amount claimed.

Other facts appear in the opinion.

*Andrew Hamilton* for appellant. There is no liability at common law, and the rule of *caveat emptor* is strictly applied to a purchaser at a tax sale. (Laws of 1850, chap. 86, § 52; *De Grauw* v. *Supervisors*, 13 Hun, 381; Cooley on Taxn. 329, 375, 572; Desty on Taxn. 850; *Lynde* v. *Melrose*, 10 Allen, 47; *Packard* v. *Limerick*, 34 Me. 269; *Coffin* v. *City of Brooklyn*, 116 N. Y. 166; *Brevoort* v. *City of Brooklyn*, 39 id. 120, 135; *Van Honk* v. *Whitbeck*, 3 Paige, 409.) Under the amendment thereto the board of supervisors had no authority to make the reimbursement. It would have been an illegal act for them to do, and no action will lie for their refusal to do it. (Laws of 1889, chap. 429.) If it should be held that the cause of action was not taken away by virtue of chapter 429, Laws of 1889, then the defendants contend that the cause of action is barred by the Statute of Limitations. (Code Civ. Pro. §§ 380, 382, 410; Laws of 1850, chap. 86, §§ 48, 52.) The plaintiff's claim being thus barred by the statute, it was not only the right of the supervisors, but their duty, to reject it, and to refuse to make the reimbursement. They have only authority to allow legal claims, and one barred by the Statute of Limitations is not a legal one. (*Rodgers* v. *Rodgers*, 3 Wend. 503; *In re Carr*, 5 Redf. 69, 74; *Supervisors* v. *Ellis*, 59 N. Y. 620; *Hull* v. *Supervisors*, 19 Johns.

259; 6 Abb. [N. C.] 398.) The trial court erroneously found, as matter of fact, " that, as a result of a decision of the Court of Appeals of this state in a similar case, the said tax sales were declared irregular and void on or about June 7, 1887." And as a conclusion of law, "that neither said Reid nor the plaintiff were entitled to demand the reimbursement of the moneys so paid out  *  *  *  for such certificates until the year 1887, and after such certificates had been declared irregular and void by the court, as hereinbefore found." (*Parsons* v. *Rochester*, 43 Hun, 258; *Van Nest* v. *Mayor, etc.*, 24 Wkly. Dig. 50; *Dickinson* v. *Mayor., etc.*, 92 N. Y. 584; *White* v. *City of Brooklyn*, 122 id. 55; 89 id. 128; *Sauerville* v. *Hamilton*, 4 Wheat. 230; 2 Greenl. on Ev. 431; *Taylor* v. *Spears*, 6 Ark. 381; Abbott's Trial Ev. 822.) Even though the plaintiff were entitled to reimbursement of the purchase-money, she was not entitled to interest allowed, as we requested the court to find, and to whose refusal we duly excepted. (122 N. Y. 64.)

*D. Cady Herrick* for respondent. None of the general Statutes of Limitations bar the claim or cause of action. (*De Graw* v. *Bd. Suprs.*, 13 Hun, 381; *People* v. *Ingersoll*, 58 N. Y. 33; Laws of 1850, chap. 86, § 52.) The remedy or right of action given by the act of 1850 was not extinguished by the act of 1889. (*Gibbs* v. *Ins. Co.*, 63 N. Y. 121; *Goillotel* v. *Mayor, etc.*, 87 id. 445; *In re Miller*, 110 id. 223; *Ely* v. *Holton*, 15 id. 595; *Moore* v. *Mausert*, 49 id. 332; *People* v. *Suprs.*, 67 id. 117.) Plaintiff's claim is not barred by the Statute of Limitations created by chapter 429 of the Laws of 1889. (*Sayre* v. *Wisner*, 8 Wend. 661; *Richardson* v. *Cook*, 37 Vt. 599.) To give the construction contended for by defendants would be to give it a retrospective operation, which is contrary to the policy of the law. (*People* v. *O'Brien*, 111 N. Y. 60; *Sanford* v. *Bennett*, 24 id. 20; *People* v. *Suprs.*, 43 id. 130–135; *Beecher* v. *F. R. R. Co.*, 131 Mass. 156; *Fitzpatrick* v. *Boylan*, 57 N. Y. 433.) Nothing in the wording of the act of 1889 indicates that the legislature

intended it should have a retrospective operation; neither is there any necessary implication to that effect. (*Harvey* v. *Tyler*, 2 Wall. 347; *Seamans* v. *Corter*, 15 Wis. 548; *Beecher* v. *F. R. R. Co.*, 131 Mass. 156; *Benton* v. *Wickwire*, 54 N. Y. 229.) A construction that would apply the statute to sales made more than six years before its passage would work injustice, affect vested rights and impair the validity of contracts. (*Dash* v. *Van Kleeck*, 7 Johns. 477; *Watkens* v. *Haight*, 18 id. 138; *Sayre* v. *Wisner*, 8 Wend. 661; *Mongeon* v. *People*, 55 N. Y. 616; *Fitzpatrick* v. *Boylan*, 57 id. 437; *N. Y. & O. M. R. R. Co.* v. *Van Han*, Id. 477; *People* v. *Green*, 55 id. 295; *Price* v. *Hopkins*, 13 Mich. 318.) The true rule of construction is to apply to past transactions, but only from the time of the passage of the act, no part of the time that has elapsed prior to its passage counting as a part of the six years. (*Sohn* v. *Watterson*, 84 U. S. 596; *Brewster* v. *Brewster*, 32 Barb. 429; *McCahill* v. *Hamilton*, 20 Hun, 388; *Terry* v. *Anderson*, 95 U. S. 628.) Where there is a change in the Statute of Limitations the time that had run before the passage of the act is no part of the new limitation. (*Sohn* v. *Watterson*, 84 U. S. 596; *Sayre* v. *Wisner*, 8 Wend. 664; *Nickler* v. *Hoskins*, 15 Ala. 619; 50 Am. Dec. 154; *Cox* v. *Davies*, 17 Ala. 714; 52 Am. Dec. 199; *Davies* v. *Davies*, 7 How. Pr. 778.) Neither section 410 nor 415 of the Code of Civil Procedure affect the question. (*Dickinson* v. *Mayor, etc.*, 92 N. Y. 584; Code Civ. Pro. §§ 365, 368, 415; *Fisher* v. *Mayor, etc.*, 67 N. Y. 73; *White* v. *City of Brooklyn*, 122 id. 53.)

EARL, J. All the moneys claimed in this action were paid upon the tax sales more than seven years before the commencement of the action, and the only question for our determination is whether their recovery is barred by the Statute of Limitations.

Under section 48 of article 6 of chapter 86 of the Laws of 1850, the purchaser at tax sales conducted in the city of Albany, upon the payment by him of the amount of his bids,

was entitled to receive certificates of such sales, and then he was immediately entitled to possess, hold and enjoy the lands purchased for the full term mentioned in his certificates; and he was authorized to cause the occupants thereof to be removed therefrom, and the possession thereof delivered to him in the same manner and by the same proceedings, by and before the same officers, as in the case of a tenant holding over after the expiration of his term without permission of his landlord. Then it was provided in section 52 of the same article, excepting the words in italics, as follows : " Whenever any purchaser under such sales shall be unable to recover possession of the real estate sold to him, by reason of any error or irregularity in the assessment of any person or property, or in the levying of any tax, or in any proceedings for the collection of a tax, the board of supervisors of the said county shall *at any time within six years from such sale*, reimburse the purchase-money so paid, with interest; and upon their refusal or neglect to do so, the same may be recovered by an action against them, and shall be paid by the county treasurer, if he have moneys in his hands sufficient for the purpose, not otherwise specifically appropriated, upon a production of a certified copy of the judgment; and if he have no such moneys in his hands, then the same shall be added to the amount of the taxes to be levied on the city of Albany, and collected in the same manner as other contingent expenses, and when collected shall be paid over to such purchaser."

The section was amended by the act chapter 429 of the Laws of 1889, passed June eleventh of that year, by inserting therein the words in italics.

It was not alleged in the complaint and was not shown upon the trial that any legal proceedings of any kind had been instituted by the purchaser or the plaintiff to recover possession of the real estate. It does not even appear by allegations or proof that the purchaser or the plaintiff ever demanded or made any efforts of any kind to obtain such possession. The plaintiff's case rests upon the allegation contained in the complaint, and not denied in the answer, that the purchaser and the plaintiff

were unable to recover the possession of the real estate pur-
chased by reason of errors and irregularities in the assessment
and in the levying of the taxes, and in the proceeding for the
collection thereof. The findings of the trial judge upon that
branch of the plaintiff's case was based on that admitted allega-
tion, and he found that the purchaser was entitled to demand
possession of the real estate sold to him immediately upon the
issuing to him of the certificates of the sales, and "that by
reason of errors and irregularities in the proceedings prior to
the said sales, the purchaser was unable to recover possession
of the parcels sold at the times of such sales and immediately
thereafter."

The trial judge made a finding of fact based upon an alle-
gation in the complaint, not denied in the answer, "that as a
result of a decision of the Court of Appeals of this state in a
similar case, the said tax sales were declared irregular and void
on or about January 7, 1887," and upon that finding of fact,
he based a conclusion of law "that neither the said William
Reid nor the plaintiff were entitled to demand of the defend-
ants the reimbursement of the moneys so paid out on said tax
sales and for such certificates and deeds above referred to,
until the year 1887, and after such sales, certificates and deeds
had been declared irregular and void by the court as herein-
before found;" and he held that the Statute of Limitations
did not begin to run until that date. The decision of the
Court of Appeals referred to was made in the case of *Remsen*
v. *Wheeler* (105 N. Y. 573), a case which arose in the city of
Brooklyn and related exclusively to taxes imposed there.

That decision had nothing whatever to do with these parties
or these sales. It did not conclude or bind these parties, and
simply furnished evidence of the law. It was not even abso-
lutely binding as a precedent in any other case. The Court
of Appeals could disregard it as authority in any subse-
quent case if it believed it to be unsound. (*Saint Nicholas
Bank* v. *State National Bank*, in this court June 2, 1891.) *
These tax sales were not valid until that decision and then

*Ante, page 26.

thereby rendered invalid. They were from the first invalid and the rights of the parties interested were in no way affected by that decision. The rights and the duty of the purchaser and the obligations of the defendant were precisely the same before that decision as after. Upon this point the following authorities have some bearing: *Allen* v. *Mille* (17 Wend. 202); *Parsons* v. *City of Rochester* (43 Hun, 258); *Van Nest* v. *Mayor, etc.* (24 Week. Dig. 50); *White* v. *City of Brooklyn* (122 N. Y. 53).

That decision can, therefore, have no bearing upon this case, except to show that these tax sales were invalid from the beginning.

The plaintiff's case stands then solely upon the ground that the tax sales being invalid, he obtained no title to the lands and could not have recovered the possession thereof in any legal proceedings instituted by him if they had been resisted. Upon this view of the case the purchaser was at once entitled to demand reimbursement from the defendant, and his cause of action was barred in six years from that time, under section 410 of the Code, which provides that "when a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete."

These views are sufficient for the reversal of this judgment. But upon a new trial other facts may appear, and hence it is quite proper that we should determine the construction and the force and effect of section 52, as found in the act of 1850.

Under that section, before the plaintiff can recover in this action, she must show that the purchaser made some efforts to obtain the possession of the lands. This is clearly implied in the language used. The purchaser must have been "unable to recover such property," and the inability could not be predicated of a case where no steps whatever had been taken to recover possession. It is not sufficient to show merely that the sales were illegal. The occupant might still not choose to

resist the right of the purchaser, and the obligation of the defendant to reimburse the purchaser only arises in case of the inability to recover possession for reasons particularly mentioned in the section. Good faith requires at least so much of the purchaser.

What efforts must the purchaser have used to recover the possession before he can claim reimbursement under the section? He may institute an action or the special proceeding mentioned in section 48 above referred to, and if he conducts the action or the special proceeding in good faith to a termination unsuccessfully on account of the invalidity of the sales, the result will show his inability to recover and his right to reimbursement. But he is not bound to institute an action or the special proceeding. He may go to the land and demand the possession from the occupant or owner, and if his right is denied and the possession is refused to him on the ground of the invalidity of the sales, then he may make his demand for reimbursement. But in such case he must assume the burden of establishing the invalidity of the sales, and his inability on that account to obtain the possession. It is not provided in the statute that his inability to recover the possession shall be established by legal proceedings, and it would be unreasonable to suppose that the legislature meant that he should institute fruitless legal proceedings against an owner or occupant insisting upon the invalidity of the sales, and thus subject himself to useless expense before he could reclaim the money for which he had received no value.

Within what time should the purchaser take the steps or make his effort to recover the possession? The statute of 1850 says nothing upon the subject. It could not have been the legislative intention that the purchaser could delay unreasonably and thus make the county practically an enforced borrower of his money at the lawful rate of interest during his will. The law provides in substance that he is to do something before he can claim reimbursement, and it is implied in such a case that he must act within a reasonable time. There can be no other rule. If he institutes legal proceedings he

must institute them within a reasonable time after he obtains his certificates and conduct them to a termination with reasonable diligence, and then the Statute of Limitations will begin to run from their termination, as his failure to recover is then established. If he relies upon a demand of possession, and does not institute legal proceedings, then the demand must have been made within a reasonable time, and the Statute of Limitations will begin to run from that time. What is a reasonable time in such a case is a question of law to be determined upon the circumstances of each case. Any other construction of the statute will enable the purchaser to defeat or nullify the Statute of Limitations by voluntarily postponing through his own negligence the time when he could make the demand for reimbursement. The Statute of Limitations begins to run from the time his right to demand reimbursement is complete, and as it depends upon his own act to perfect his right to make the demand he cannot unreasonably delay that act.

We have thus far considered section 52 as it was before the amendment of 1889. The amendment can have no effect in this case. If the plaintiff's claim was barred by the limitation prescribed in the Code when the amendment was enacted, then it certainly does not reach this case. The original section is applicable to all prior sales, and the amendment is prospective in its operation. The original section may be treated as if it was permitted to stand, and the amendment had been placed in a separate act applicable to future sales. (*Ely* v. *Holton*, 15 N. Y. 595 ; *Moore* v. *Mausert*, 49 id. 332 ; *Gibbs* v. *Queen Insurance Co.*, 63 id. 114, 121 ; *People* v. *Supervisors, etc.*, 67 id. 110, 117 ; *Goillotel* v. *Mayor, etc.*, 87 id. 445 ; *Matter of Miller*, 110 id. 216, 223.) . The amendment did not repeal the Code limitations, but left them to apply to past cases and simply made a new rule to apply to future cases.

The legislature could, however, have made the amendment applicable to past sales, provided a reasonable time was given for the purchaser to claim and enforce reimbursement after the amendment took effect. (Cooley's Const. Lim. [4th ed.]

456; *Bigelow* v. *Bemis*, 2 Allen, 496; *Terry* v. *Anderson*, 95 U. S. 628.)

Our conclusion, therefore, is that the judgment should be reversed and a new trial granted, costs to abide event.

All concur, except PECKHAM, J., not sitting.

Judgment reversed.