SENECA BULLOCK, RESPONDENT, *v.* THE TOWN OF DURHAM, APPELLANT.

*Highways — a verified statement, by one injured thereon, of the cause of action — section 16 of chapter 568 of 1890 is not retrospective — constructive notice of a defect — lack of funds.*

On August 14, 1890, Seneca Bullock was injured, as alleged, because of the failure of a town to maintain proper guards upon a bridge. In June, 1890, the legislature passed an act, which was to take effect March 1, 1891, requiring, as a prerequisite to an action against a town for such an injury, the presentation to the supervisor of the town of a verified statement of the cause of action within six months after it accrued; and further providing that no action should be commenced until fifteen days after the service of such verified statement.

*Held,* that as the act, although passed in June, 1890, was not to go into effect until March 1, 1891, it would not, in the absence of an expressed intention to that effect, operate upon a cause of action which accrued in August, 1890.

That an act of the legislature will not be construed retrospectively so as to take away a vested right.

It appeared that the bridge had been without guards for four years, and that the commissioner of highways of the town was elected in March, 1890.

*Held,* that sufficient time had elapsed to create the presumption of notice to the town of the defect.

While it is a defense to a commissioner of highways that he was without necessary funds to make repairs, and without the power to raise such funds, the burden is upon him to make out such a defense, in both of its branches.

APPEAL by the defendant, the Town of Durham, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Greene on the 18th day of September, 1891, upon a verdict for the plaintiff for $400, after a trial at the Greene County Circuit before the court and a jury, with notice of an intention to bring up for review upon the appeal an order denying a motion for a new trial.

*A. C. Cowles* and *Frank H. Osborn,* for the appellant.

*William S. Russell* and *Frank S. Becker,* for the respondent.

HERRICK, J. :

This is an appeal from a judgment in favor of the plaintiff against the defendant, in an action brought to recover damages for injuries received by the plaintiff on the 14th day of August, 1890, by reason of the negligence of the defendant or its commissioner of highways in leaving a bridge, upon or composing part of one of the highways in said town, without any guards or barriers at its sides or edges. The plaintiff was driving across said bridge when for some reason his horse became unmanageable and backed the carriage, containing plaintiff, off the side of the bridge ; he fell several feet and was severely bruised and injured. The action was commenced March 21, 1891.

The defendant claims that the plaintiff ought not to maintain this action, and that the judgment should be reversed, because, as it alleges, no verified statement of plaintiff's claim was ever presented to the supervisor of the defendant before the commencement of the action ; that plaintiff's cause of action is barred by the statute of limitations as to such actions, and that there is no evidence that the commissioner of highways of the defendant had any notice of the defect, or had any funds in his possession or under his control which could be applied by him to remedy the defect in the bridge.

Section 16 of chapter 568 of the Laws of 1890, which took effect March 1, 1891 (see § 183) reads as follows : " Every town shall be

liable for all damages to person or property, sustained by reason of any defect in its highways or bridges, existing because of the neglect of any commissioner of highways of such town. No action shall be maintained against any town to recover such damages unless a verified statement of the cause of action shall have been presented to the supervisor of the town, within six months after the cause of action accrued; and no such action shall be commenced until fifteen days after the service of such statement."

The defendant claims that the plaintiff's right of action was subject to the provisions of this statute, and by failing to comply with it, he is barred by its terms.

The act, as we have seen, was to take effect March 1, 1891, the accident occurred August 14, 1890; plaintiff's right of action accrued then; it was obviously impossible for him to present his claim at any time after March first, and at the same time within six months after the happening of the accident; and to hold that he has no right of action because he has thus failed to comply with the statute is to take from him a right of action that had accrued prior to the taking effect of the statute.

An act of the legislature is not to be construed retrospectively so as to take away a vested right. (*Dash* v. *Van Kleeck*, 7 Johns., 477; *Watkins* v. *Haight*, 18 id., 138; *Sayre* v. *Wisner*, 8 Wend., 661; *Mongeon* v. *People*, 55 N. Y., 616; *Fitzpatrick* v. *Boylan*, 57 id., 437; *N. Y. and O. M. R. R. Co.* v. *Van Horn*, Id., 477.) It will not be construed to operate upon existing rights or liabilities without it in express terms expresses such intention. (*Johnson* v. *Burrell*, 2 Hill, 238; *People ex rel. Ryan* v. *Green*, 58 N. Y., 295–304.) Where an act required all claims for damages or injuries because of defective streets to be presented to the common council within three months after the happening of the injury, it was held not to apply to a case where the injury happened before the passage of the act. (*Williams* v. *Oswego*, 25 Hun, 36.) Although the words of a statute are so broad and general as in their literal sense to comprehend existing cases they must yet be construed as applicable only to such as may thereafter arise, unless the intention to embrace all is plainly and unequivocally expressed. (*Berley* v. *Rampacher*, 5 Duer, 188; *McCahill* v. *Hamilton*, 20 Hun, 388; *Bay* v. *Gage*, 36 Barb., 447; *Eli* v. *Holton* 15 N. Y., 595.)

I do not think that the fact that the act in question was passed in June, 1890, to take effect March 1, 1891, in any way affects the question; so far as its effect upon the questions raised here is concerned, it is to be construed as if it was passed March 1, 1891; it was then, and not until then, that it became a law; and effect is to be given to it only from that time. For these reasons I think the plaintiff's cause of action was not subject to the statute in question, and that he was under no obligation to present his claim to the supervisor.

The other reasons given for defeating the plaintiff, that there is no evidence that the commissioner of highways had any notice of the defect or had any funds in his possession or under his control which could be applied by him to remedy the defect, I do not think are valid. The bridge had been without any side rails, barriers or guards for over four years. It had been in that condition a sufficient length of time to be notice to the commissioners of highways of the town; and the one in office at the time of the accident, which it will be recalled was August fourteenth, was elected in March of the same year. I do not think it necessary that it should be the neglect of the particular commissioner in office at the time of the accident in order to make the town liable, nor that it is necessary that notice should be shown to have been received by him; but even if it were so necessary, the one in office at this time had been in long enough to have constructive notice of the condition of the bridge in question, that condition having existed from the beginning of his term of office. And, as a matter of fact, it appeared upon the defendant's case that he knew of it when he came into office.

In *Clapper* v. *Town of Waterford* (43 N. Y. St. Rep., 316) the Court of Appeals held that it was always a defense to an action for damages against a commissioner of highways, for injuries sustained in consequence of a defective highway, to show that he was without the necessary funds to make the repairs, and without the power to raise such funds. If it is a defense, then it is incumbent upon the defendant to establish such lack of funds or power to obtain them, not for the plaintiff to show a sufficiency of funds or power to obtain them.

In this case the defendant sought to show that the commissioner in office at the time of the accident was not in possession of funds to

remedy the defect.    The question of the sufficiency of funds or power to obtain them is a question of fact, and upon examining the evidence in the case I fail to see that the defendant has made out such a defense.

The commissioner of highways stated upon his examination that, prior to the accident, he received $200 from the supervisors, $100 in March, and $100 in April, which he expended in repairing other bridges; that he had a right to do, and the manner in which he exercised his discretion in that respect cannot be questioned; but it does not appear that he had no power to obtain any more money, or that he even made the attempt.    He says he had an impression that there was no more money, but he made no effort to find out, yet, on the twenty-second of August, after the accident, he received $100 more from the supervisors; and the jury might well infer if he could get it so soon after the accident that he could have gotten it before and made the bridge safe.

Other evidence was given by the plaintiff as to the possession of money by prior commissioners, that it is unnecessary to discuss; I can see no sufficient reason for a reversal of the judgment.

Let the judgment be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.