DANIEL E. CHRISTIE, Respondent, *v.* ROBERT BOWNE, Appellant.

*Certificate of full paid-stock — the repeal by chapter 687 of 1892 of section 37 of chapter 611 of 1875 did not affect existing causes of action.*

Section 37 of chapter 611 of the Laws of 1875 required the certificate of the full payment of the capital stock of a corporation to be recorded in the office of the Secretary of State and in the office of the county clerk of the county in which the principal business office of the corporation is situated.

The repeal of chapter 611 of the Laws of 1875 by chapter 687 of the Laws of 1892 did not affect a cause of action existing under the former statute, upon which proceedings were commenced on May 19, 1892, such cause of action having been preserved by the saving clause of the Repealing Act.

APPEAL by the defendant, Robert Bowne, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of October, 1893, upon the verdict of a jury, rendered after a trial at the Kings County Circuit, and also from an order made on the 10th day of October, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

The summons in this action was served upon the defendant on May 19, 1892.

*Charles Strauss,* for the appellant.

*Henry L. Brant,* for the respondent.

BROWN, P. J.:

The plaintiff brought this action as a creditor of the corporation known as the "New York Advertising Agency, Limited," to recover his debt from the defendant, who was a stockholder in said corporation, on the ground of the failure to file in the office of the county clerk the certificate of the full payment of the capital stock of said corporation as required by section 37, chapter 611, Laws of 1875, under which statute the corporation was organized.

The question discussed by the appellant requires only a brief notice. No exception presents the question as to the proper construction of the peculiar language of section 37.

That section requires the certificate to be recorded " in the office of the Secretary of State *and of the county* in which the principal business office of such corporation is situated."

It was decided by a very recent decision of this General Term that the language quoted required the certificate to be filed with the county clerk. (*Jones* v. *Mail & Express Pub. Co.,* 30 N. Y. Supp. 335; 80 Hun, 368.)

The repeal of the act of 1875 by chapter 687, Laws of 1892, does not affect the plaintiff's cause of action. It was preserved by the saving clause of the repealing act (§ 35).

The exception to the admission of the testimony of Mr. Seaver, that the plaintiff was a competent bookkeeper, is not available on this appeal.

The question of plaintiff's competency was not an issue at the trial. It was withdrawn from the consideration of the jury by the court in its charge without objection by the defendant, and no request was made to have that question submitted to the jury.

The verdict is sustained by the evidence, and the judgment and order are affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment and order affirmed, with costs.