THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FREDERICK MAXWELL, Appellant.

Same *v.* Same.

Same *v.* Same.

*Repeal of a statute creating a crime — exception as to past offenders — saving clause in chapter 401 of 1892 — trial for selling liquor without a license — burden of proof as to the existence of a license.*

The saving clause contained in chapter 401 of the Laws of 1892 in respect to the repeal of the Excise Law of 1857 is in no sense an *ex post facto* law, and is constitutional ; its only effect is to limit the scope and operation of the repealing provisions of such act.

The principle that the repeal of a statute creating a crime or prescribing its punishment prevents prosecution for offenses committed while the law was in force, is merely a rule of statutory construction, and there is no question of natural right or principle of personal liberty involved.

The Legislature has power to pass a statute as to criminal offenses applicable alone to the future, and such statute will not repeal the prior law on the subject, nor give immunity to past offenders, and the same thing may be accomplished by a saving clause contained in a statute as to criminal offenses, repealing a prior statute in relation thereto.

Upon the trial of a person who is indicted for selling liquor without a license, the People, in order to make out a case, are not required to show that the defendant had no license; if he had a license it is incumbent upon him to show it.

APPEAL by the defendant, Frederick Maxwell, from three judgments of the Court of Sessions held in and for the county of Suffolk, rendered on the 5th day of June, 1894, convicting the defendant of three several violations of the Excise Law.

*Wm. C. Cox*, for the appellant.

*Walter H. Jaycox, District Attorney*, for the respondent.

CULLEN, J. :

These are appeals from judgments of the Court of Sessions of Suffolk county upon convictions of the defendant on three separate indictments for violating the excise laws.

The offenses are alleged to have been committed in the year 1890 and the indictments were found in 1891. The trials were had in 1894.

The principal point urged by the defendant on this appeal is that the repeal of the statute of 1857 by the enactment of the Excise Law of 1892 (Chap. 401) rendered the further prosecution of the indictments against him impossible, the saving clause of that act as to past offenses to the contrary notwithstanding. We have no doubt as to the constitutionality and efficacy of the saving clause. It is in no sense an *ex post facto* law. The defendant is not punished under the saving clause of the act of 1892, but under the law as it existed at the time he committed the offense, the only effect of the saving clause being to limit the scope and operation of the repealing provisions of the statute. The principle that the repeal of a statute creating a crime or prescribing the punishment prevents prosecution for offenses committed while the law was in force is merely a rule of statutory construction. There is no question of natural right or principle of personal liberty involved. The Legislature has power to pass a statute as to criminal offenses applicable alone to the future, and such statute will not repeal the prior law on the subject nor give immunity to past offenders. (*Mongeon* v. *People*, 55 N. Y. 613.)

The result sought to be obtained being entirely within the power of the Legislature, we cannot see why the Legislature is not equally the master of the means to be employed, and why it may not attain the end desired by a saving clause as well as by a statute applicable to future offenses.

On the trial of the indictment for selling liquor without a license, objection was made that the prosecution had given no proof that the defendant had not a license. The objection is untenable, as such proof was not required to be given to make out the People's case. If the defendant had a license, it was incumbent upon him to show it. (*Schwab* v. *People*, 4 Hun, 520; 1 Greenl. Ev. § 79.)

The judgments appealed from should be affirmed.

BROWN, P. J., and DYKMAN, J., concurred.

Judgments affirmed.