WILLIAM SHAW, Respondent; v. THE TOWN OF POTSDAM and THE TOWN OF MADRID, Appellants.

*Highway Law — joint liability of towns for the care of a bridge connecting them — negligence of the commissioner — proof of notice of the defect.*

The duty of repairing a bridge crossing a stream between two adjoining towns being imposed upon the highway commissioners of both towns, an action for damages for injuries resulting from a negligent omission to perform that duty will lie against the two towns jointly.

In order to charge a town with liability for an accident occasioned by a defective bridge or highway, it is not necessary that the accident should be the result of the negligence of the particular highway commissioner in office when it happened, or that such commissioner should have had notice of the defect.

Notice to a town of the defective condition of a bridge may be shown by proving that a third party had informed the highway commissioner of such town of its condition, or that such commissioner had made statements in conversation with others which showed that he had knowledge of the defect.

APPEAL by the defendants, The Town of Potsdam and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 23d day of February, 1895, upon the verdict of a jury rendered after a trial at the St. Lawrence Circuit, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 25th day of March, 1895, denying the defendants' motion for a new trial made upon the minutes.

Also, an appeal by the defendant, The Town of Potsdam, from an order entered in said clerk's office on the 8th day of October, 1894, overruling the said defendant's demurrer to the complaint.

This action was brought to recover damages for injuries to the plaintiff resulting from the fall of a bridge over Trout brook, a stream on the boundary line between the towns of Madrid and Potsdam in the county of St. Lawrence. The bridge for many years had been maintained by the two towns at their joint expense.

On the 15th day of May, 1893, the plaintiff, in a loaded wagon, drove on to this bridge from the Madrid side, and as he neared the Potsdam side a portion of the bridge fell, precipitating the wagon and plaintiff into the stream. The bridge was about twelve feet above the water. In the fall the plaintiff received a severe injury, as to which and the amount of the verdict the defendants raised no question on the motion for a new trial made at the end of the trial. At the time of the fall of the bridge, William Hall was, and from February, 1889, had been, commissioner of highways of the town of Madrid. One Barnum was commissioner of highways of the town of Potsdam, having been elected at the annual town meeting held in February, 1893. Prior to that time, Isaiah Shields had been, for some time, commissioner of said town.

*John A. Vance* and *A. X. Parker*, for appellant; The Town of Potsdam.

*F. J. Merriman* and *Thomas Spratt*, for appellant, The Town of Madrid.

*E. A. Everett* and *Vasco P. Abbott*, for respondent.

PUTNAM, J. :

An extended discussion of this case is not required. We are of opinion that the position taken by the defendants on the trial, that a joint action could not be maintained against them, was properly overruled by the court below. We concur in the conclusion reached in this regard in the opinions in the cases of *Oakley* v. *Town of Mamaroneck* (39 Hun, 448) and *Clapp* v. *Town of Ellington* (87 id. 542). As the duty of repairing the bridge in question was imposed upon the commissioners of highways of both towns, it

necessarily follows that, for damages resulting from a negligent omission to perform that duty, an action could be maintained jointly against them. Also, the trial court was right in not sustaining the point urged by the defendant, the town of Potsdam, that, as the commissioner of that town, in office at the time of the accident, was not shown to have had actual notice of the defect in the bridge, and the former commissioner, Shields, who had such notice, was dead, the complaint should have been dismissed as to that town. It was said by HERRICK, J., in *Bullock* v. *Town of Durham* (64 Hun, 380): "I do not think it necessary that it should be the neglect of the particular commissioner in office at the time of the accident in order to make the town liable, nor that it is necessary that notice should be shown to have been received by him." We see no reason to doubt the correctness of the doctrine thus stated. Nothing is said in the opinion in *Lane* v. *Town of Hancock* (142 N. Y. 510) that conflicts with the views thus expressed in *Bullock* v. *Town of Durham* (*supra*).

It is urged by the appellants that the trial court erred in permitting the plaintiff to show the declarations of their highway commissioners, Hall and Shields. When the question was first raised on the trial — the plaintiff seeking to prove a conversation between William Hall, highway commissioner of the town of Madrid, and one Rutherford — the court remarked : "I only receive that against the town of Madrid as a part of the conversation to show the extent of the notice to the commissioner." In this view the evidence of the admissions of Hall and Shields, the highway commissioners of the towns of Potsdam and Madrid, was properly received. The plaintiff was compelled to show the fact of notice, either actual or constructive, of the defective condition of the bridge, to the highway commissioners of the said towns. He could show actual knowledge by proving that a witness had informed said commissioners of the condition of the structure, or that the commissioners had made statements in conversation with others which showed the existence of such knowledge. The evidence showing the admissions of Hall and Shields was, therefore, competent to show notice to them of the defective condition of the bridge, and the ruling of the court in that regard presents no ground for a reversal of the judgment.

The question whether or not the highway commissioners of the

towns of Madrid and Potsdam had sufficient funds to make the slight repairs necessary to render the bridge in question safe, was for the jury. The trial judge submitted that and the other questions of fact in the case to the jury by the charge, in which he gave a clear and fair discussion of the evidence, and correctly stated the principles of law applicable to the facts. We think there were no errors in the charge to which exceptions were taken, and that the refusal of the trial court to state certain propositions in the language requested by the defendants, is no ground for a reversal of the judgment.

The judgment and order should be affirmed, with costs.

All concurred, except LANDON, J., not sitting.

Judgment and order affirmed, with costs.