THEODORE J. O. THACHER, Plaintiff, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF STEUBEN, GAMALIEL T. CONINE, as Treasurer of the County of Steuben, the TOWN OF BATH, the TOWN OF CORNING, the TOWN OF WHEELER, the TOWN OF RATHBONE, the TOWN OF TUSCARORA, the TOWN OF CAMERON the TOWN OF CAMPBELL, and the TOWN OF ERWIN, Defendants.

(Supreme Court, Steuben Special Term, August, 1897.)

1. **Highway Law — Repealing act as to expense of bridges not retroactive.**

    The repeal by chapter 416, Laws of 1895, of that part of section 130, chapter 686, Laws of 1892 (the Highway Law), which imposed a liability upon a county to contribute to the expenses of a town for bridges where these expenses in any one year exceeded one-sixth of one per cent. of the assessed valuation of the taxable property of the town, had no retroactive effect and the statute, as changed, is applicable only to the future.

2. **Same — Effect of the general saving clause of the Statutory Construction Law.**

    The rights of a town to enforce against a county claims for bridge expenses, which claims accrued before the passage of chapter 416, Laws of 1895, are fully protected by the general saving clause defining the effect of repeals and contained in the Statutory Construction Law (Laws of 1892, chap. 667, §§ 1, 31); it being presumed that when the legislature passed the amending act in question, without inserting therein a clause saving existing rights, it had in view the general saving clause of the Statutory Construction Law.

3. **Same — Agreement by town not to prosecute a county — Consideration.**

Where, before the repeal of section 130, chapter 686, Laws of 1892, towns present to a county board of supervisors, claims for bridge expenses and the board expressly agrees to pay the claims, if the Court of Appeals should decide in mandamus proceedings then pending, that the county is liable under said section 130, etc., and the towns relying on the agreement refrain from bringing mandamus proceedings to compel the county to pay, a valid contract upon a good consideration results between the towns and county upon which the towns may recover of the county.

4. **Same — Action affecting a county should be brought against it — Parties.**

Where a taxpayer brings an action under section 1925 of the Code of Civil Procedure, to restrain a county treasurer from paying towns their claims for bridge expenses, the action should, under the County Law (Laws of 1892, chap. 686, § 3) be brought against the county and it is necessary party.

5. **Defect of parties must be pleaded.**

Where the objection as to a defect of parties is not raised either by answer or by demurrer, it is not available.

6. **When a county will not be brought in by the court.**

Although such an action should be brought against the county, the court will not itself require the county to be brought in as a party necessary to a final determination of the action, where it appears that the claims of the towns have already been audited and ordered by the county to be paid.

TAXPAYER'S ACTION under section 1925, Code of Civil Procedure, to restrain the county treasurer of Steuben county from paying to the towns named herein certain sums of money to reimburse said towns for moneys advanced for the construction and repair of bridges.

Frank H. Robinson, John F. Little, George N. Orcutt, for plaintiff.

M. Rumsey Miller, John F. Parkhurst, for defendants.

DAVY, J.   The plaintiff who is a resident of the city of Hornellsville, in the county of Steuben, brings this action as a taxpayer

under section 1925 of the Code of Civil Procedure, to restrain the county treasurer of said county from paying to the eight towns named herein as defendants, certain sums of money, amounting in the aggregate to fourteen thousand two hundred and one dollars and fifty-one cents which sum has been raised by assessment upon the taxable property of the county to reimburse said towns for moneys advanced for the construction and repair of bridges during the years 1893 and 1894. The plaintiff contends that the assessment is illegal and void for the reason that that part of section 130, chapter 686, Laws of 1892, of the Highway Law, which imposed a liability upon the county, was repealed by chapter 416, Laws of 1895. The repealed portion of said section provided that where a town had expended money in the repair and construction of bridges over streams and other waters within its boundary, it had a right to demand contribution from the county when the expenses in any one year exceeded one-sixth of one per cent. of the assessed valuation of its taxable property, and the county was liable to the town for one-third part of such excess. The amended act took effect April 26, 1895. The bridges were all completed in the years 1893 and 1894, and the claims of the several towns, except the town of Erwin, were presented to the board of supervisors in the fall of 1894. The board refused to pay the claims of the towns of Lindley and Addison, and laid the claims of the other towns upon the table. The towns of Lindley and Addison immediately instituted *mandamus* proceedings to compel the board of supervisors to audit and pay their claims. To prevent the other towns from bringing similar proceedings, the board of supervisors passed the following resolution: "*Resolved,* That all claims against the county of Steuben for contribution to the construction and repair of bridges in the several towns, whether presented for audit in the year 1893 or 1894, be laid upon the table until the final determination of the cases of the towns of Lindley and Addison against the county; without prejudice, however, to any legal right or remedy the several towns may now have against the said county by reason of delay or otherwise. And it is further *Resolved,* That in case it shall be decided by the Court of Appeals in the cases now pending that the county of Steuben is liable to pay for the construction and repair of bridges under section 130, and other sections of the County Law, or in case the decision of the General Term be affirmed in that regard, then the county of Steuben shall pay the several claims so presented, or such part as

the said towns may be entitled to." The towns relying upon the good faith of the board to carry out the agreement expressed in this resolution, refrained from bringing *mandamus* proceedings to compel the county to pay their claims. The two *mandamus* cases referred to, went to the Court of Appeals, and the decisions of the Special and General Terms were affirmed, the court holding that the county was liable to said towns for the amount of their claims. People ex rel. Root v. Board of Supervisors of Steuben County, 146 N. Y. 107.

After said decision was rendered, a meeting of the board of supervisors was called and held on the 14th day of November, 1895, at which meeting the following resolution was passed by unanimous vote: "*Resolved*, That the chairman appoint a committee of three to have in charge the bridge claims of the several towns against the county, and that said committee be directed to audit all claims for bridges constructed in accordance with the resolution of this board passed on the 5th day of December, 1894." At the same session the committee appointed by the chairman reported in favor of allowing the claims of the several towns, and the board of supervisors by resolution adopted the report of the committee, and discharged it. On the same day of the adoption of the report, the following resolution was also passed: "*Resolved*, That the supervisors of the several towns to which bridge claims have been allowed, have orders upon the county treasurer for the several amounts allowed to them." In pursuance of this resolution, orders were issued upon the county treasurer of said county, payable on the 14th day of February, 1896, to the towns named in said report, but before any of said orders were paid, this action was commenced and an injunction order issued restraining the county treasurer of said county from paying out any of said funds to the towns. The plaintiff contends that the board of supervisors had no legal authority, under the statute as amended, to authorize the raising of said money by assessment upon the taxable property of the county, or to empower the county treasurer to pay it over to the towns.

I am unable to reach the conclusion that the legislature intended by this amendment to relieve the counties from liability where the bridges, as in this case, had been constructed previous to the passage of the amendatory act. Section 130, before it was amended, imposed upon the county a fixed liability where the whole expense for repairs and construction of bridges over streams and other

waters within the towns exceeded one-sixth of one per cent. of the assessed valuation of the taxable property of the town for that year, and the county in which said town was located became liable for one-third part of such excess. People ex rel. Root v. Board of Supervisors of Steuben County, *supra*. These claims, therefore, at the time they were presented, were a county charge, not made so, however, by any discretionary power vested in the board of supervisors, but by enactment of the legislature, and the towns were entitled to have them audited and paid.

The board did not dispute the amount expended by any of the towns, but simply postponed the time of payment until the Court of Appeals rendered a decision in the said *mandamus* cases. The rejection of the claims of the towns of Lindley and Addison were placed solely on the ground that they were not a legal charge against the county.

The legislature in amending section 130 of the Highway Law, aforesaid, could not have intended that it should have a retroactive effect, especially in view of the great amount of injury and injustice that might arise under the law if it were retroactive. The language of the act does not, in my judgment, call for any such severe and unreasonable construction.

In People ex rel. Newcomb v. McCall, 94 N. Y. 587, Judge Earl says: " It is a general rule, often reiterated and laid down in reported decisions, that laws should be so construed as to be prospective and not retrospective in their operations, unless they are specially made applicable to past transactions and to such as are still pending." The rule is that when a law is amended and re-enacted, those parts of the law simply repeated are not repealed and re-enacted, but are considered to have continued in force from the beginning, and rights which have accrued under the original statute remain unaffected. Ely v. Holton, 15 N. Y. 595; Moore v. Mausert, 49 id. 335; Goillotel v. Mayor, 87 id. 441; Bullock v. Town of Durham, 64 Hun, 382; Cooley's Constitutional Limitations, p. 77. If the above rule is applied to this case it seems to me that the original section may be treated as if it were permitted to stand and apply to all past cases, proceedings and contracts that have been made, and rights that have accrued thereunder, and the amended act only applied to future transactions. Reid v. Supervisors of Albany County, 128 N. Y. 373. The amendment, therefore, under the well-settled rule of law, operated prospectively, and did not affect any rights which had accrued to the towns pre-

vious to its passage. Goillotel v. Mayor, *supra;* Bullock v. Town of Durham, *supra*.

Chief Judge Andrews, in the Matter of Prime, 136 N. Y. 355, says: "Where the amended act re-enacts provisions equivalent, though in different words, the law will be regarded as having been continuous, and the new enactment as to such parts will not operate as a repeal so as to affect a duty accrued under the prior law, although, as to all new transactions, the later law will be referred to as the ground of obligation."

The case of Quinlan v. Welch, 141 N. Y. 164, was an action to recover damages under the Civil Damage Act of 1873, chapter 646. The cause of action accrued under that act, but the suit was not commenced until after the act had been repealed by the provisions of chapter 403, Laws of 1892. The court held, that the act of 1873 was not penal, and that the plaintiff's cause of action was not affected by the repealing act of 1892. That the repeal of a penal statute discharged offenses committed before such repeal and proceedings based thereon, but when the statute is not penal, it falls within the rule which has long existed and was recognized by this court in the Matter of Miller, 110 N. Y. 216. The question which arose in the last-named case was, whether the beneficiary, who had become liable to pay a collateral inheritance tax under the act of 1885, chapter 483, was released from the payment thereof by chapter 713, Laws of 1887, which was enacted before payment of said tax. The court held, that "the rule is considered settled in this State that neither original statutes nor amendments have any retroactive force, unless in exceptional cases the legislature so declare. The act before us contains no such declaration, and there seems no reason to give the amendment any other force than would be due to the provisions of an independent statute, and the case should be decided as if the act of 1887 had not been passed."

If the construction of the act contended for by the plaintiff were to be adopted, the act should have been entitled An Act to relieve the counties in this state from their obligations to the towns, and to deprive the towns of any right of action or proceeding they might have against the counties under section 130 of the Highway Law of 1892. Reinhardt v. Fritzsche, 69 Hun, 565; Ackerson v. Board of Supervisors, 72 id. 621; Bullock v. Town of Durham, *supra*.

It is also urged on the part of the learned counsel for the defendants that the right of the towns to this money became a vested right,

and it is not, therefore, affected by the repealing act of 1895, even though it had a retroactive effect. Black, in his work on Constitutional Law, page 494, lays down the rule that "there can be no such thing as a vested right in a public law which is not in the nature of a grant, and the legislature may repeal all laws which are not in the nature of contracts or private grants, but the repeal of a law will not be permitted in any case to affect or impair rights which have accrued under it."

It seems to me that there can be no question under the recent decision of the Court of Appeals in the case of People ex rel. Root v. Board of Supervisors of Steuben County, *supra*, but what the towns had a right of action against the county of Steuben when the board of supervisors refused to audit their claims. A right of action, therefore, having accrued at that time, which became vested in the towns, raises the question whether those rights could be legally divested or impaired by any subsequent legislation. I do not deem it necessary, however, to discuss or pass upon this question as the rights of the towns are, in my judgment, fully protected under the statute. If we were to assume that the amended act of 1895 was retroactive, I am inclined to think that the right of the towns to enforce their claims against the county are fully protected by the saving clause in the Statutory Construction Law of 1892. It will be seen from the context of that act that it applies to all future statutes. Section 1 of the Statutory Construction Law (1 R. S. [Banks' 9th ed.], page 110), provides that "this chapter shall be known as the Statutory Construction Law, and is applicable to every statute unless its general object or the context of the language construed or other provisions of the law indicate that a different meaning or application was intended from that required to be given by this chapter." In limiting the effect of the repealing statute, section 31 of said act provides that "the repeal of a statute or a part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted as fully and to the same extent as if such repeal had not been effected; and all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not repealed."

It is contended, however, by the learned counsel for the plain-tiff, that the Court of Appeals in Mongeon v. People, 55 N. Y. 613, held, that the legislature could not declare in advance the intent of subsequent legislatures or the effect of subsequent legislation on existing statutes. The court in that case held that the provisions in the general repealing act of 1828, that no offenses committed or penalties incurred previous to the time when any statutory provisions shall be repealed shall be affected by such repeal, had reference solely to the laws repealed by that act, and had no reference to future legislation. A similar construction was given to this statute by the Court of Appeals in Wiles Laundering Co. v. Hahlo, 105 N. Y. 234-243.

It will be observed by an examination of these two statutes that there is a broad distinction between the general repealing act of 1828 and the Statutory Construction Law of 1892, chapter 677. The last-named act, by its terms, applies to all future statutes. The remarks of the learned judge in Mongeon v. People, *supra*, that the legislature could not declare in advance the intent of subsequent legislatures, was merely *obiter*. It is true that the saving clause in the Statutory Construction Law could not control or bind subsequent legislatures, but subsequent legislatures could pass laws having in view the saving clause in that statute, and it must be presumed that when the legislature passed the amended act in question and omitted a saving clause, that it had in view the saving clause in the Statutory Construction Law of 1892. I am not aware that the legislature is prohibited by the Constitution or any rule of law from passing such a statute. Many of the states have enacted saving clauses similar to that contained in the Statutory Construction Law of our own state, which are intended, as some of the courts have held, to preserve all rights and remedies in cases where the legislature should repeal or subsequently change a statute and neglect to put in a saving clause in the new enactment, and in all of them the saving clauses have been upheld when they have come before the courts for construction. The courts have uniformly held that the legislature has power to pass a general saving clause in a statute which shall save all rights and remedies that have accrued under the act that has been repealed, except when the repealing statute itself shows that it was not the intention of the legislature that such rights and remedies should be saved. Gilleland v. Schuyler, 9 Kans. 569; Kleckner v. Turk, 45 Neb. 194;

Lakeman v. Moore, 32 N. H. 410; Files v. Fuller, 44 Ark. 273; Harris v. Townshend, 56 Vt. 716; Wilson v. Herbert, 41 N. J. L. 454.

Sutherland, in his excellent work on Statutory Construction, section 226, lays down the rule clearly and broadly as follows: " The legislature has power to pass a general saving statute which shall have the force and effect to save rights and remedies, except where the repealing statute itself shows that it was not the intention of the legislature that such rights and remedies should be saved. Though one legislature cannot bind future legislatures, and each can make its laws prevail against any that exist, and its intention in that regard will be law, yet, as all legislatures are presumed to proceed with a knowledge of existing laws, they may properly be deemed to legislate with general provisions of such a nature in view. When a repeal is enacted, accompanied by no provisions, specially for existing rights which would be affected by it, it should be assumed that they are to have and were intended to have such protection as other statutes will give them. In such cases the repealing act is to be considered as limited in its effect and operation in the same manner and to the same effect as if it contained the saving clause provided by the general law."

In People v. Maxwell, 83 Hun, 157, Cullen, J., says: " We have no doubt as to the constitutionality and efficacy of the saving clause. It is in no sense an *ex post facto* law. The defendant is not punished under the saving clause of the act of 1892, but under the law as it existed at the time he committed the offense." Christie v. Bowne, 83 Hun, 108.

In People v. England, 91 Hun, 152, the court held in reference to section 31 of the Statutory Construction Law, that " the act did not attempt to interfere in any manner with future legislation, but simply prescribed a rule of construction applicable when not inconsistent with the general object of the subsequent statute, or the context of the language construed or other provision of the repealing law indicating a different intent." Matter of Howe, 48 Hun, 235; State v. Boyle, 10 Kans. 113; People v. McNulty, 93 Cal. 437.

It seems to me that the saving clause in the Statutory Construction Law and the amended statute in question are in no respect repugnant to each other, and when construed together, there is no ambiguity. The amendment applies to subsequent transactions, and the saving clause protects past transactions. The amended act releases the counties throughout the state from aiding towns

in the construction and repair of bridges in the future, except those that are constructed over streams or other waters forming its boundary line. The saving clause protects the towns and requires the counties to pay their proportion of the expenses incurred by the towns for the construction and repair of bridges commenced before the repeal of said act.

It is also urged by the learned counsel for the plaintiff that the case of Town of Wirt v. Supervisors, 90 Hun, 205, is controlling in this case. If the facts were the same in both cases, I should feel bound to follow the decision of the General Term, but they differ very materially. Ward, J., in his able and interesting opinion, says: " At the time of the submission of the questions in dispute, pursuant to section 1279 of the Code of Civil Procedure, the law upon which the claims of the plaintiff were presented had no existence, but was repealed, and, therefore, the Statutory Construction Law did not aid the plaintiff."

In this case all the claims of the towns had been presented to the board of supervisors before the repeal of the act of 1892, and the board, by resolution, expressly agreed to pay them in case the Court of Appeals should hold in the *mandamus* proceedings then pending that the county was liable. This was a valid contract between the county and the towns, based upon a good consideration. The county agreed to pay the towns the amounts that it was then legally obligated to pay under the statute if the towns would not sue or institute *mandamus* proceedings. No such agreement was made or entered into on the part of the board of supervisors in the case of Town of Wirt v. Supervisors, *supra*.

There is another point raised and urged by the defendants against the plaintiff's right to maintain this action, and that is, that the county of Steuben is a necessary party. If this point had been raised by demurrer or answer, it would undoubtedly have been sustained. Code of Civil Procedure, § 499. It is evident that the action should have been brought against the county of Steuben instead of the board of supervisors. The law was formerly that an action against a county should be brought against the board of supervisors, but that law was repealed by chapter 686 of the Laws of 1892. Section 3 of said act provides that " an action or special proceeding for or against a county, or for its benefit and upon a contract lawfully made with it or with any of its officers or agents authorized to contract in its behalf, or to enforce any liability created or duty enjoined upon it or upon any of its officers or agents for which it is liable, or to recover damages for an in-

jury to any property or rights for which it is liable, should be in the name of the county."     I am aware, however, that the general rule in equity actions is that all persons interested in the subject of the action shall be made parties.     This is required in order to prevent a multiplicity of suits and to secure a final determination of their rights.     In Osterhoudt v. Supervisors, 98 N. Y. 238, Judge Andrews said: " The rule which prevails in courts of equity, that the court would not proceed to a decree until all necessary parties were before the court, has been preserved by the Code." In construing sections 452 and 499 of the Code of Civil Procedure, the learned judge says: " A defendant, by omitting to take the objection that there is a defect of parties by demurrer or answer, waives on his part any objection to the granting of relief on that ground, but when the granting of relief against him would prejudice the rights of others, and their rights cannot be saved by the judgment, and the controversy cannot be completely determined without their presence, the court must direct them to be made parties before proceeding to judgment."     I do not, however, consider it necessary in this case to direct that the county be made a party to the action for the reason that the money in question belongs to the towns, and the county is willing that it should be paid to them.

The complaint, therefore, must be dismissed, with costs against the plaintiff.