### ALLEN v. TOWN OF ALLEN.

(Supreme Court, Appellate Division, Fourth Department.    October 7, 1898.)

BRIDGES—NOTICE OF DEFECTS.
   Notice to a commissioner of highways of defects in a bridge is notice to the town in cases of injury resulting therefrom, although the notice was received by a commissioner preceding the one in office at the time of the injury.

Appeal from Allegany county court.

Action by Minnie M. Allen against the town of Allen to recover damages for an injury to plaintiff, caused by a defect in an approach to a bridge within defendant's limits. From a judgment in favor of defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

D. D. Dickson, for appellant.
F. A. Robbins, for respondent.

PER CURIAM. One of the contested questions upon the trial was whether the defendant had had constructive notice of the alleged defect in the approach to the bridge. The evidence disclosed that at the time of such accident to the plaintiff, William Sylor was the commissioner of highways of the defendant, he having been elected as such on the first Tuesday of March, 1896; that the commissioner of highways for the year previous was one John Yager; that Yager, while commissioner, had had his attention called to the bridge in question, and was a witness upon the trial. The counsel for the plaintiff requested the court to charge the jury that, if the defect in the bridge existed for a sufficient length of time so that Yager, the commissioner during the year 1895, ought to have known of the defect, then that that would be sufficient notice to the defendant. The court declined to so charge, to which the plaintiff excepted, and this is the principal question presented to us upon this review. We think the refusal to charge as requested was error. Notice to a commissioner of highways is notice to the town in cases of injury resulting from defective highways and bridges, and it is not necessary that the notice should have been received by the commissioner in office at the time of the injury complained of. It is sufficient if the defect had existed during the term of office of a prior commissioner. It is the commissioner who receives the notice, and not the individual. Bullock v. Town of Durham, 64 Hun, 380, 19 N. Y. Supp. 635; Shaw v.

Town of Potsdam, 11 App. Div. 508, 42 N. Y. Supp. 779. Where the defect in the highway has existed for such a length of time as that the commissioner ought, with reasonable care, to have known of and remedied it, the town or municipality has constructive notice of such defect. Pettengill v. City of Yonkers, 116 N. Y. 558, 22 N. E. 1095; Weed v. Village of Ballston Spa, 76 N. Y. 329; Todd v. City of Troy, 61 N. Y. 506; Requa v. City of Rochester, 45 N. Y. 129. The learned counsel for the defendant insists, however, that, if there were error in this refusal to charge, it could not have affected the result. We are not able to say, upon an examination of the record upon this appeal, that this was the case; and it seems quite clear that the erroneous ruling may have influenced the verdict of the jury. We deem it unnecessary to consider the other questions raised upon this appeal. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event.