CORONAL REALTY CORPORATION, Landlord, Appellant, *v.* ANNE E. SMITH et al., Tenants, Respondents.

Supreme Court, Appellate Term, Second Department, June 13, 1946.

*Seymour C. Simon* for appellant.

*William R. McVay* for respondents.

Memorandum *Per Curiam*. It was not error to receive the testimony of the tenants' witness as to an alleged statement by the superintendent of the landlord as to the presence of vermin. The conversation was prior to some of the damage claimed to have been sustained and was evidence of the knowledge of the presence of vermin by the landlord's agent who presumably had the duty to disclose such knowledge to the landlord. (*Shaw* v. *Town of Potsdam*, 11 App. Div. 508; cf. *Fox* v. *Village of Manchester*, 183 N. Y. 141, 146.) It was error to permit testimony as to expenditure for medical attention. No physical contact or physical injury was sustained. There could, therefore, be no recovery for the alleged nervous condition. (*Mitchell* v. *Rochester Railway Co.*, 151 N. Y. 107; *Comstock*

v. *Wilson*, 257 N. Y. 231.) Before the landlord could be held to damage, the tenants were obliged to establish the presence of vermin, notice to the landlord thereof, and that the landlord failed within a reasonable time to exercise reasonable means to get rid of the vermin and prevent entry into tenants' apartment of the vermin. For damage done to food or clothing before notice or a reasonable opportunity to do something to remedy the condition, the landlord would not be responsible. If the landlord after a reasonable opportunity failed to exercise reasonable care to remove or prevent entry of vermin, the tenants could close the hole through which the vermin entered and purchase traps and claim the reasonable cost thereof as items of damage.

The final order insofar as appealed from should be unanimously reversed on the law and new trial granted, with $30 costs to the landlord to abide the event.

MacCrate, Smith and Steinbrink, JJ., concur.

Order reversed, etc.