MINNIE M. ALLEN, Appellant, v. THE TOWN OF ALLEN, Respondent.

*Negligence — defect in an approach to a bridge — what constitutes notice thereof to the town.*

In an action brought against a town to recover damages for an injury caused by a defect in the approach to a bridge therein, it is error for the court to refuse to charge that, if the defect in the bridge existed for such a length of time that the predecessor of the highway commissioner in office at the time the accident occurred ought to have known of its existence, there would be sufficient notice thereof to the defendant.

APPEAL by the plaintiff, Minnie M. Allen, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Allegany on the 7th day of October, 1897, on the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of June, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

The action was brought to recover damages for an injury to the plaintiff, caused by a defect in an approach to a bridge in the town of the defendant, on the 3d day of May, 1896, as the result of which the plaintiff was thrown from a buggy in which she was riding and severely injured.

*D. D. Dickson*, for the appellant.

*F. A. Robbins*, for the respondent.

PER CURIAM:

One of the contested questions upon the trial was whether the defendant had had constructive notice of the alleged defect in the approach to the bridge. The evidence disclosed that, at the time of such accident to the plaintiff, William Sylor was the commissioner of highways of the defendant, he having been elected as such on

the 1st Tuesday of March, 1896; that the commissioner of highways for the year previous was one John Yager; that Yager, while commissioner, had had his attention called to the bridge in question, and was a witness upon the trial.

The counsel for the plaintiff requested the court to charge the jury that if the defect in the bridge existed for a sufficient length of time so that Yager, the commissioner during the year 1895, ought to have known of the defect, then that that would be sufficient notice to the defendant. The court declined to so charge, to which the plaintiff excepted, and this is the principal question presented to us upon this review. We think the refusal to charge as requested was error. Notice to a commissioner of highways is notice to the town in cases of injury resulting from defective highways and bridges; and it is not necessary that the notice should have been received by the commissioner in office at the time of the injury complained of. It is sufficient if the defect had existed during the term of office of a prior commissioner. It is the commissioner who receives the notice, and not the individual. (*Bullock* v. *Town of Durham*, 64 Hun, 380; *Shaw* v. *Town of Potsdam*, 11 App. Div. 508.) Where the defect in the highway has existed for such a length of time as that the commissioner ought, with reasonable care, to have known of and remedied it, the town or municipality has constructive notice of such defect. (*Pettengill* v. *City of Yonkers*, 116 N. Y. 558; *Weed* v. *Village of Ballston Spa*, 76 id. 329; *Todd* v. *City of Troy*, 61 id. 506; *Requa* v. *City of Rochester*, 45 id. 129.)

The learned counsel for the defendant insists, however, that if there were error in this refusal to charge, it could not have affected the result. We are not able to say, upon an examination of the record upon this appeal, that this was the case; and it seems quite clear that the erroneous ruling may have influenced the verdict of the jury. We deem it unnecessary to consider the other questions raised upon this appeal. The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.