(97 App. Div. 488.)

### KELLY v. TOWN OF VERONA.

(Supreme Court, Appellate Division, Fourth Department.   October 18, 1904.)

1. BRIDGES—DEFECTS—INJURIES TO TRAVELERS—NEGLIGENCE—EVIDENCE.

> Under General Highway Law (Laws 1890, p. 1181, c. 568), § 16, provid-
> ing that a town shall be liable for damages by reason of any defect in its
> highways or bridges from the neglect of any commissioner of highways
> of such town, where plaintiff was injured by reason of a defect in a town
> bridge, he was entitled to prove within reasonable limits the delinquency
> of any commissioner of highways to establish negligence of the town.

Appeal from Special Term, Oneida County.

Action by John B. Kelly against the town of Verona.   From a judg-
ment in favor of defendant, plaintiff appeals.   Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

D. F. Searle, for appellant.
Thos. L. Jones, for respondent.

SPRING, J.   The plaintiff, with his two sisters, on September 30,
1901, was riding in a carriage drawn by one horse along a public high-
way in the defendant town, when the horse, as it is claimed, broke
through a hole in a defective bridge, tipping the carriage into the
ditch, and precipitating the plaintiff against the dashboard and injur-
ing him.   The bridge was constructed of stone walls on either side,
which supported stringers, upon which planks were laid.   Dirt and
cinders entirely covered these planks to the depth of 15 or 20 inches.
The planks were about 3 feet above the bottom of the ditch.   The
plaintiff's proof tended to show that there was a hole through this
bridge, which had existed for some time, and in which the horse
stepped, breaking down the planks and causing the catastrophe.   The
planks, immediately after the accident, were found to be badly decayed.
The conduct of the plaintiff at the time and the alleged negligence of
the highway commissioners were for the jury, and we would not in-
terfere with the verdict, except for an error which we deem too material
to be overlooked.   John King was the commissioner of highways in
office at the time of the accident.   His predecessor, Jurden, had held
the office for two years prior to March, 1901.   He testified that he
inspected this bridge in the summer of 1900, and described the manner
of doing it.   The jury might have found from the evidence that the
bridge was defective and unsafe during the term of this commissioner,
and that he ought to have known of its unsafe condition, and that the
inspection which he testified to was insufficient.   The court charged
the jury that they were only to take into consideration the negligence
of the commissioner in office at the time of the accident, "and that they
could not consider the question of any negligence of the prior com-
missioner, Jurden"; to which the plaintiff's counsel excepted, and also
requested a specific charge to the contrary which was denied.   The
town is liable for damages "sustained by reason of any defect in its
highways or bridges existing because of the neglect of any commis-

sioner of highways of such town." General Highway Law (Laws 1890, p. 1181, c. 568) § 16. To establish the negligence of the town, the plaintiff may prove within reasonable limits the delinquency of any commissioner of highways. Allen v. Town of Allen, 33 App. Div. 463, 53 N. Y. Supp. 800; Spencer v. Town of Sardinia, 42 App. Div. 472, 59 N. Y. Supp. 412; Shaw v. Town of Potsdam, 11 App. Div. 508, 42 N. Y. Supp. 779. In Allen v. The Town of Allen (33 App. Div., 53 N. Y. Supp., supra) the trial court, at the request of the plaintiff, had refused to charge that, if the defect complained of existed during the term of the commissioner preceding the accident, that would be adequate notice to the defendant. This court granted a new trial to the plaintiff for this error; saying at page 464, 33 App. Div., page 800, 53 N. Y. Supp.:

"Notice to a commissioner of highways is notice to the town in cases of injury resulting from defective highways and bridges; and it is not necessary that the notice should have been received by the commissioner in office at the time of the injury complained of. It is sufficient if the defect had existed during the term of office of a prior commissioner. It is the commissioner who receives the notice, and not the individual."

These case are controlling upon us, and require a reversal of the judgment.

Judgment reversed, and new trial granted, with costs to the appellant to abide the event. All concur.